Wilbur HORNE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17487.

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1959.

Chester E. Wallace, Atlanta, Ga., for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

### JOHN R. BROWN, Circuit Judge.

This is an appeal from a denial of a Section 2255 application. 28 U.S.C.A. The ground for relief, urged below and here, was that appellant had been convicted by a jury of 11, with neither waiver in writing as F.R.Cr.P. 23(b), 18 U.S.C.A., requires, nor by him personally. The conviction was for armed bank robbery under 18 U.S.C.A. § 2113(a) and (c) with consecutive sentences aggregating 25 years.

A hearing on the application was held and from testimony of the petitioner, his former trial counsel, the official court reporter, and the United States Attorney, it revealed these facts which are largely undisputed. Twelve jurors had been selected and were in the box, but the remainder of the panel had not yet been excused. The Court then inquired whether the parties desired two extra alternate jurors or whether they were willing to proceed with less than twelve if any juror should become incapacitated and excused by the Court. Both Government and defendant's counsel categorically agreed to this.[1] The trial opened on October 1. On the morning of the second (and last) day one juror failed to return and was excused for disabling illness. At that time the matter was again considered by the Court and both counsel agreed that the trial should proceed.

The record does not contain direct evidence showing an express assent to these actions by petitioner personally. But the record is sufficient to warrant the Court drawing the inferences that petitioner knew of the agreement by counsel, made on both the first and second day of the trial, that the case could proceed with less than twelve jurors, and with full knowledge of the stipulation acquiesced in it as his own. These were summarized by the Court's formal findings that petitioner " * * * with consultation and advice of his counsel, waived his right to have alternate jurors seated in the jury box, and gave his consent to a trial with the remainder of the original twelve jurors should any of the jurors have to be excused for reason of illness, or for any other good cause shown. * * * That at no time during the trial did petitioner make any objections when * * * one of the original twelve jurors was excused for illness, * * *."

The failure to record the agreement in the form of a written stipulation as Rule 23(b) requires[2] is not here de-

---

1. The exact colloquy was as follows:

   "The Court: Gentlemen, do you all want two extra jurors in this case, or are you willing to go along with the remainder if one or more of the jurors should become sick or incapacitated, or for any other good and sufficient reasons satisfactory to the Court? It looks like this case might go into tomorrow. Do you want two extra jurors, or are you willing to go along with the balance?

   "Mr. Rowland [defense counsel]: Yes, Your Honor. We will go along with the balance, if necessary.

   "Mr. Calhoun [United States Attorney]: It is satisfactory with the govern-

   ment to go along with the remainder, Your Honor.

   "The Court: I can give you extra jurors, if you want them. But you are willing to go along with the remainder, if one or more jurors should become incapacitated. Is that right?

   "Mr. Rowland: Yes, sir.

   "Mr. Calhoun: Yes, sir, Your Honor.

   "The Court: All right, let the record show that."

2. "(a) Trial by jury. Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in

cisive. This is a collateral proceeding in which errors in procedure on the initial trial of the case are not open for review. Arthur v. United States, 5 Cir., 1956, 230 F.2d 666; Cawley v. United States, 5 Cir., 1958, 251 F.2d 461; McCreary v. United States, 5 Cir., 1957, 249 F.2d 433. As an error in failing to comply with the rule, it was a matter which had to be, but deliberately was not, brought here in Horne's original appeal from the conviction. Horne v. United States, 5 Cir., 1957, 246 F.2d 83, certiorari denied 355 U.S. 878, 78 S.Ct. 143, 2 L.Ed.2d 109.

■ On this collateral review, the absence of writing is relevant only insofar as there is any real question whether the oral stipulation was made in fact. But on this phase petitioner himself acknowledges categorically that the agreement was made as the record, note 1, supra, so clearly reflects. The controversy here is whether it was sufficiently *his* agreement so as to bind him. But this has to do not with a technical imperfection in the form of the stipulation, but whether, under the basic constitutional principles set forth in Patton v. United States, 1930,

281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, the waiver was intelligently made with the consent of the defendant.[3]

The record also shows that when the one juror became incapacitated from service, the Court did not routinely act on the prior stipulation set forth in note 1, supra. Had that been done, it would have raised a further and perhaps substantial question whether a carte blanche advance waiver as to unknown contingencies could be valid under these circumstances.[4] But here the Court again considered the matter and both counsel again agreed. Petitioner, though unaware of the exact colloquy between Court and counsel, knew that the matter was discussed and by agreement of Court and all counsel, the trial proceeded with but eleven jurors. As on the opening of the trial, he voiced no protest and made no objection.

■ Patton v. United States, supra, is indeed a profound case. As a profound case, it has deep meanings transcending mere procedural mechanics. Jury trial is the accepted mode of crim-

writing with the approval of the court and the consent of the government.

"(b) Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12. * * *." F.R.Cr.P. rule 23, 18 U.S.C.A.

3. We need not determine at this time whether the difference in wording of Rule 23(a) and (b) indicates any difference between waiver of an entire jury and trial by a jury of less than twelve. Rule 23 (a), note 2, supra, permits a waiver of the entire jury only if the *"defendant waives* a jury trial in writing * * *." On the customary form such waiver is signed personally by the defendant, by defendant's counsel, and Government counsel and approved in writing by the Court. *U.S. Dept. Justice Form No.* USA-74-3 (Ed. 5-27-58). Subparagraph (b), for a jury of less than twelve, by quite different language states that the *"parties* may *stipulate* in writing * *." (emphasis supplied)

Whether any intended difference could be effective constitutionally is doubtful.

"[W]e must reject in limine the distinction sought to be made between the effect of a complete waiver of a jury and consent to be tried by a less number than twelve, and must treat both forms of waiver as in substance amounting to the same thing." *Patton v. United States, supra,* 281 U.S. at page 290, 50 S.Ct. at page 255.

4. See Notes of Advisory Committee on Rules.

"Note to Subdivision (b) [Rule 23]. This rule would permit either a stipulation before the trial that the case be tried by a jury composed of less than 12 or a stipulation during the trial consenting that the case be submitted to less than 12 jurors. The second alternative is useful in case it becomes necessary during the trial to excuse a juror owing to illness or for some other cause and no alternate juror is available. The rule is a restatement of existing practice, the constitutionality of which was approved in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263." 18 U.S.C.A. fol. F.R.Cr.P. rule 23.

inal trial in Federal Courts.[5] But " * * the court has authority in the exercise of a sound discretion to accept the waiver, and, as a necessary corollary, to proceed to the trial and determination of the case with a reduced number or without a jury; * * *." Patton v. United States, supra, 281 U.S. at page 299, 50 S.Ct. at page 258. Where there is a departure from it, the record must reflect that it was deliberately, not inadvertently, done. That means that the jury trial must have been knowingly waived. That includes consent of the defendant. "Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." 281 U.S. at pages 312–313, 50 S.Ct. at page 263.

The Court's action in warning against the discharge of that duty by a trial court "as a mere matter of rote" reflects a dual purpose. First, a serious obligation is imposed on the Court to satisfy the judicial mind and conscience that this is in the interests of justice and is what all of the parties desire. Second, the performance or nonperformance of this duty is not to be measured by the presence or absence of any particular, peculiar ritualistic form. Judging is more than that. Consequently, the absence of any such form does not necessarily establish nonperformance of the judicial function.

■ The requirement of "consent of the defendant" as Patton states it, is not to be measured solely by the absence of a written assent signed by defendant or a categorical oral response. Here the matter was intelligently and deliberately discussed in open court. The Court had every right to conclude that the action openly taken on both occasions by petitioner's counsel, with no protest from petitioner was, as in the usual case, Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883; Floyd v. United States, 5 Cir., 1958, 260 F.2d 910; Gray v. O. B. Ellis, 5 Cir., 1958, 257 F.2d 159, the act of petitioner.

Moreover, the circumstances were such that the possible departure from a 12-man jury afforded a reasonable foundation for the exercise of the Court's considered discretion. At the time of the first inquiry, note 1, supra, alternate jurors were available or could be summoned. If there was the slightest anxiety over a trial by less than twelve, petitioner and his counsel had merely to decline the stipulation impliedly proposed in the Court's inquiry. Had they so declined it is obvious that alternate jurors would have been impaneled in accordance with that Court's usual practice under F.R.Cr.P. rule 24(c).

The only time that provision could be made for alternates was at the commencement of the trial. Thereafter, no matter how compelling the circumstances, it could not be done. It was to care for just such an eventuality as occurred that the Court thought that due administration of justice would best be served either by impaneling alternates or obtaining at

---

5. However, it is clear that the constitutional basis of jury trial is a right of the accused, not the public.

"The record of English and colonial jurisprudence antedating the Constitution will be searched in vain for evidence that trial by jury in criminal cases was regarded as a part of the structure of government, as distinguished from a right or privilege of the accused." Patton v. United States, supra, 281 U.S. at page 296, 50 S.Ct. at page 257. Cf., Johnson, Right of Public and Press to be Admitted to a Criminal Trial, 35 Texas L.Rev. 429 (1957).

44

least a tentative consent to the use of less than twelve if alternates were knowingly waived. These were valid and substantial reasons in no way indicating any purpose to undermine or impede the fullest use of the jury as the traditional and usual mode of a criminal trial.

 The Court fulfilled the demands of Patton and what it stands for. The petitioner was convicted by a lawful trial.

Affirmed.