James ROGERS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14090.

United States Court of Appeals Seventh Circuit.

June 19, 1963.

---

Joseph I. Bulger, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner, James Rogers, was convicted after trial by jury on a charge of violating the federal narcotics laws and was sentenced to serve a total of 8 years. He sought to set this judgment aside under Title 28, U.S.C. § 2255. On November 15, 1962, the District Judge who presided at his trial denied that motion on the ground of failure to set forth grounds entitling petitioner to the relief sought. A later petition for leave to file a second similar motion was denied December 26, 1962, with reference to the order of November 15, 1962. Petitioner was granted leave to appeal to this Court in forma pauperis and counsel was appointed for him.

Petitioner contends that he was deprived of his Constitutional right to a verdict of 12 jurors, the verdict in his trial having been returned by 11 jurors only.

Rule 23, Federal Rules of Criminal Procedure provides:

"(b) Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12."

No written stipulation was made. However, the following colloquy occurred in open court:

"The Court: Counsel, I would like to ask you both about the alternate situation.

"Miss Coonrod: [1] I will stipulate, your Honor, as I did in the last case.

"The Court: I had better state it for the record. In order to obviate the necessity for selecting two alternative jurors, I ask you to stipulate that there be no alternates chosen, and that in the event one or two jurors become incapacitated during the trial, the cause proceed with eleven or ten jurors; in no event fewer than ten. Is that satisfactory, Mr. Ward?

"Mr. Ward: [2] Yes, your Honor.

"Miss Coonrod: Yes.

"The Court: Miss Coonrod, call your client up here. Miss Coonrod, will you explain to the defendant what you agreed to, and get his approval of it?

"Miss Coonrod: Yes, your Honor.

"The Court: Do you agree, Mr. Rogers?

"Defendant Rogers: I approve, your Honor.

"The Court: You agree to permit the trial to go along with eleven or ten jurors in the event one or two become incapacitated?

"Defendant Rogers: I do, your Honor."

Both petitioner and respondent have invited this Court's attention to the case of Horne v. United States, 5 Cir., 1959, 264 F.2d 40, 42, cert. den. 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549, where the court said:

"On this collateral review, the absence of writing is relevant only insofar as there is any real question whether the oral stipulation was made in fact."

1. Miss Doris A. Coonrod, counsel for the defendant, petitioner here.

2. Mr. J. F. Ward, Assistant United States Attorney, counsel for the government.

The record shows that not only his counsel but petitioner himself agreed. As the Court said in Horne, 264 F.2d at page 43:

"If there was the slightest anxiety over a trial by less than twelve, petitioner and his counsel had merely to decline the stipulation impliedly proposed in the Court's inquiry. Had they so declined it is obvious that alternate jurors would have been impaneled * * *."

As in Horne, the record shows that the Trial Judge did not routinely act on the oral stipulation, but again considered the matter when a juror failed to appear, as follows:

"The Court: I might say that the juror Dorothy Walker phoned my chambers, and said that she was snowed in, and would not be able to be here. This rather vindicates our joint judgment in having the parties enter into a stipulation to proceed with less than twelve jurors in the event one or two jurors are not able to attend, so that the cause will proceed under your stipulation, with eleven jurors. That is satisfactory, of course, Mr. Ward?

"Mr. Ward: Yes, it is, your Honor.

"The Court: And to you, Miss Coonrod?

"Miss Coonrod: Yes, it is.

"The Court: And it is to you, Mr. Rogers?

"Defendant Rogers: Yes, your Honor."

Petitioner makes the point that the initial agreement referred to possible incapacity of a juror and that no juror was ever "incapacitated." We do not agree that this constitutes a material variation from the stipulation. Again as in Horne, the petitioner:

" * * * knew that the matter was discussed and by agreement of Court and all counsel, the trial proceeded with but eleven jurors. As on the opening of the trial, he voiced no protest and made no objection."

Under all of the circumstances, we must conclude that the oral stipulations appearing in the record were made with the full and intelligent consent of the petitioner.[3]

We have considered all other arguments advanced on behalf of the petitioner, but find them lacking in merit.

The Court is grateful to Mr. Joseph I. Bulger who, as Court-appointed counsel, represented petitioner in this appeal with skill and diligence.

The decision of the District Court is affirmed.

Affirmed.

---

3. In our opinion, however, the better practice would be to secure written stipulation or to empanel alternate jurors.