**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Georgina GUERRERO–PERALTA,**
**Defendant-Appellant.**

**No. 71–1237.**

United States Court of Appeals,
Ninth Circuit.

July 8, 1971.

J. Frank McCabe (argued), San Diego, Cal., for defendant-appellant.

Clifton F. White, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before JERTBERG, DUNIWAY and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

Guerrero-Peralta appeals from her conviction on two counts charging violations of 21 U.S.C. § 176a. We need consider only her contention that, in submitting the case to an eleven-man jury, the court failed to comply with Rule 23(a), F.R. Crim.P. We reverse.

When the jury retired, the forelady sent a note to the court indicating that a file containing documents that were not in evidence was found in the jury room. The jury was recalled to the courtroom and the jurors were questioned by the

judge as to how much of the file they had seen. As a result, the forelady was excused. Defense counsel said that he would have no objection to substituting the alternate juror. The court replied that the alternate juror "has gone home.[1] The only thing we can do is excuse her and go on with eleven jurors." Defense counsel asked permission to "check with the defendant for a moment." After doing so, he said "She wants to go ahead, your honor. I would agree with that." Defense counsel and counsel for the government then stipulated orally to a verdict by eleven jurors. No one mentioned Rule 23(b); counsel should have called it to the court's attention but did not do so. Rule 23(b), F.R.Crim.P., states:

"Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12."

 Counsels' oral stipulation for an eleven-member jury was not in writing, but did appear in the reporter's transcript. The court did not personally address Guerrero-Peralta, and no statement by her concerning her decision to proceed appears in the record. An oral stipulation may, under certain circumstances, satisfy the Rule, but it must appear from the record that the defendant personally gave express consent in open court, intelligently and knowingly, to the stipulation. Rogers v. United States, 7 Cir., 1963, 319 F.2d 5; see Bayless v. United States, 9 Cir., 1967, 381 F.2d 67, 75 (oral waiver of jury trial as to certain issues, citing Rogers); Taylor v. United States, 9 Cir., 1944, 142 F.2d 808, 816 (citing Patton v. United States, 1930, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854).[2]

 The government argues that the defendant's express consent need not appear in the record; that it is enough if both counsel agree to the oral stipulation, the court approves it, and the defendant is present and remains silent. It cites Williams v. United States, 7 Cir., 1964, 332 F.2d 36, 39; Horne v. United States, 5 Cir., 1959, 264 F.2d 40, 41.[3] We think that this goes too far. Rule 23(b) is "a mandatory requirement." United States v. Hayutin, 2 Cir., 1968, 398 F.2d 944, 950 (dictum). The purpose of a written stipulation under Rule 23(b) is to provide "the best record evidence of the *express* consent of a defendant." United States v. Virginia Erection Corp., 4 Cir., 1964, 335 F.2d 868, 871 (emphasis in original). Express consent given orally by the defendant personally and appearing on the record may be equally good evidence, but that much, as a minimum, must appear. An assertion by defense counsel that the defendant has consented is less reliable evidence, even when coupled with the inference of acquiescence drawn from defendant's failure to protest. Such an assertion is insufficient to show that the defendant's consent, if indeed it was given, was given with the requisite degree of understanding.[4]

Reversed.

1. Rule 24(c), F.R.Crim.P., provides, in part that "An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict."

2. *Patton* states emphatically that waiver of the right to a jury of twelve requires "the express and intelligent consent of the defendant" (281 U.S. at 312, 50 S.Ct. at 263). The note of the Advisory Committee on Rules states that Rule 23(b) "is a restatement of existing practice, the constitutionality of which was approved in Patton v. United States * * *."

3. We note that both *Williams* and *Horne* involved a collateral attack on the judgment while here we have a direct appeal. In *Horne*, Judge Brown drew a distinction between the two, stating that failure of the defendant personally to stipulate was an error that should have been, but was not, raised on direct appeal.

4. Compare McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, and Heiden v. United States, 9 Cir., 1965 (in banc), 353 F.2d 53, dealing with the requirements of Rule 11, F.R. Crim.P.