**UNITED STATES of America, Plaintiff-Appellee,**

v.

**H. Kenneth McCURDY, Defendant-Appellant.**

No. 71–2353.

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1971.

Charles T. McCutcheon, (argued), San Diego, Cal., for appellant.

Brian E. Michaels, Asst. U. S. Atty., (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Acting Chief, Crim. Div., San Diego, Cal., for appellee.

Before WRIGHT and CHOY, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Appellant McCurdy was convicted of smuggling and transporting marijuana in violation of 21 U.S.C. § 176a.

The sole issue on appeal is whether McCurdy validly waived jury trial within the terms of Rule 23(a), Federal

* Honorable William M. Byrne, United States District Judge for the Central District of California, sitting by designation.

Rules of Criminal Procedure. The Rule provides:

(a) *Trial by Jury.* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

There was no written waiver signed by the defendant. However, the record sets forth the following colloquy:

MR. MICHAELS [Counsel for the United States]: At this time, your Honor, on behalf of the United States Government, I offer, with Mr. Franklin, defense counsel, to enter into a trial by the Court alone of this matter, and the Government does wish to waive jury in the case.

MR. FRANKLIN [Counsel for the defendant]: That's agreeable to both myself and to Mr. McCurdy, as I understand it, your Honor, that there can be a jury waiver on behalf of the defendant.

THE COURT: All right. Mr. McCurdy, would you stand please.

Mr. McCurdy, you understand that you have a right to have this case tried by a jury composed of twelve people, and if I understand correctly from what your counsel said, you are willing to waive that right to a jury and have the Court, sitting alone, determine whether you are guilty or not guilty of the offense charged; is that correct?

THE DEFENDANT: That's correct, yes.

THE COURT: All right. You understand that you have a right, but you wish to waive it and have the Court try the matter?

THE DEFENDANT: That's true.

THE COURT: All right. The Court having observed Mr. McCurdy and determined that he has voluntarily waived jury, and with the concurrence of his counsel and the counsel for the Government, the Court will enter an order that the jury is voluntarily waived, and the matter will be tried by the Court. (I Reporter's Transcript, pp. 6–7.)

In United States v. Guerrero-Peralta, 446 F.2d 876 (9th Cir., 1971), this court recently considered the requirements for a valid waiver of jury trial under Rule 23. There we held that a twelve-member jury could not be waived by a stipulation of counsel, the defendant being present but silent. Rule 23(b). We noted that the purpose of a writing under Rule 23 is to provide "the best record evidence of the *express* consent of a defendant." (Emphasis in the original.) We then stated: "Express consent given orally by the defendant personally and appearing on the record may be equally good evidence, but that much, as a minimum, must appear." P. 877.

Ideally, counsel in the present case would have called to the attention of the trial judge the provisions of Rule 23, and McCurdy's signature on the appropriate form would have been obtained. However, there was an intelligent, knowing, and express waiver by the defendant in open court, with the consent of both counsel, and with the approval of the trial judge given after appropriate questioning of the defendant. Where such a waiver is spread upon the record we hold that there has been compliance with Rule 23(a). Bayless v. United States, 381 F.2d 67, 74–75 (9th Cir. 1967); Rogers v. United States, 319 F. 2d 5 (7th Cir. 1963). Cf. Patton v. United States, 281 U.S. 276, 312, 50 S. Ct. 253, 74 L.Ed. 854 (1930).

Affirmed.