**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edgar Elton LANE, Defendant-**
**Appellant.**

**No. 72-1987.**

United States Court of Appeals, Sixth Circuit.

Submitted April 16, 1973.

Decided May 22, 1973.

---

* Judge Kent participated in the decision in this case and concurred in this opinion prior to his death on May 28, 1973.

Martin Reisig, Detroit, Mich. (court appointed), Thomas Jackson, Research Asst., for defendant-appellant; Edgar Elton Lane, pro se.

Ralph B. Guy, Jr., U. S. Atty., Kenneth J. Haber, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

Appellant appeals after a jury verdict of guilty to a charge of possessing, selling, and conspiring to sell counterfeit federal reserve notes, in violation of 18 U.S.C. §§ 472, 473 and 371 (1970). He was sentenced to 15 years imprisonment.

The proofs viewed from the point of view favorable to the government's case, which the jury accepted, show that appellant was arrested in possession of identifiable United States currency (bait money) which he had received in exchange for counterfeit federal reserve notes. The details of the transaction were testified to by the purchaser—a federal Secret Service Agent named Lucas, who at the time in question was operating under cover.

The principal issue argued on this appeal concerns whether or not this court's opinion in United States v. Lonardo, 350 F.2d 523 (6th Cir. 1965), requires reversal of this case. In *Lonardo* a government agent a week and a half before trial deliberately destroyed a stenographic transcript of a witness interview. In addition, the record indicated that there was a major discrepancy between the destroyed transcript and the report which was furnished.

In the instant case Lucas' report was furnished to appellant's counsel in accordance with the Jencks Act, 18 U.S. C. § 3500 (1970). What appellant asserts should have been furnished also

were Lucas' rough notes which he employed in drafting his report and then destroyed.

This report discloses no material discrepancies in the report furnished from the original rough notes. Nor do we have here, as in *Lonardo*, deliberate destruction of arguably important evidence "in the possession" of the government on the eve of trial. The report which was prepared and "adopted" by agent Lucas was furnished to appellant. On these facts the controlling case for this circuit is United States v. Fruchtman, 421 F.2d 1019 (6th Cir. 1970):

> Appellant also raises a Jencks Act question. After Smeraldi and an agent for the Internal Revenue Service testified for the Government, appellant moved for production of all statements available to him under the Jencks Act, 18 U.S.C. § 3500. He requested in particular the handwritten notes of interviews conducted by these agents. Both Smeraldi and the IRS agent testified that their notes had been destroyed several months before trial. There was no evidence that they were destroyed to prevent their examination by appellant, and the reports which had been compiled from the handwritten notes were made available to appellant's counsel. Since it is not shown that the notes were destroyed for an ulterior purpose and the same information was available to appellant in the reports themselves, the trial judge correctly refused to strike the agents' testimony. Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961); Rosenberg v. United States, 360 U.S. 367, 371, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); United States v. Greco, 298 F.2d 247 (2nd Cir. 1965). United States v. Fruchtman, *supra* at 1021–1022.

■ An additional appellate issue is presented concerning the application of Rule 23(b) of the Federal Rules of Criminal Procedure. This rule, by its terms, requires that any waiver of a 12-man jury be stipulated in writing. Here a juror took ill and the District Judge consulted counsel in open court with appellant present as to how to proceed. The District Judge offered appellant the alternative of seating an alternate juror, conducting a new trial, or proceeding with an 11-man jury. In open court defendant, by counsel and through his own voice in a colloquy with the Judge, agreed to the latter proposal. Since this was immediately recorded in the reporter's shorthand notes, we believe that it meets the test of "stipulate[d] in writing" of Rule 23(b).

Alternatively, it seems clear that the facts in this case comply fully with the waiver rule previously announced in the Ninth Circuit in United States v. McCurdy, 450 F.2d 282 (9th Cir. 1971), and Bayless v. United States, 381 F.2d 67 (9th Cir. 1967). The Ninth Circuit in *Bayless* held as follows:

> Rule 23 also requires that an agreement to be tried by a jury of fewer than twelve jurors be in writing. In Rogers v. United States, 319 F.2d 5 (CA 7, 1963), cert. den. 375 U.S. 989, 84 S.Ct. 524, 11 L.Ed.2d 475, and in Horne v. United States, 264 F.2d 40 (C.A. 5, 1959), cert. den. 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549, it has been held that an oral agreement in open court is sufficient to validate a trial with such a jury. In the instant case the appellant, in order to obtain a substantial advantage for himself, knowingly and intelligently agreed that one of the several issues in the case should be decided by the court. We think he thereby validly waived whatever right he might, in the absence of that agreement, have had. Bayless v. United States, *supra* at 75.

■ The defendant in this case in person intelligently and knowingly expressed consent to the District Judge in open court to proceed with the 11-man jury. *See* Rogers v. United States, 319 F.2d 5 (7th Cir. 1963). We agree with the Seventh and Ninth Circuits that such

express consent by the defendant in person in open court and on the record constitutes a valid waiver of the express terms of Rule 23(b).

The judgment of the District Court is affirmed.