**UNITED STATES of America,**
**Appellee,**

v.

**Lloyd A. THOMPSON, Appellant.**

**No. 75–1147.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1975.

Decided July 9, 1975.

David C. Christian, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, WEBSTER, Circuit Judge, and DEVITT,* Chief District Judge.

DEVITT, Chief District Judge.

Convicted of knowing possession of an unregistered firearm under 26 U.S.C. § 5861(d), defendant appeals from the trial court's denial of his motions for judgment of acquittal and new trial.

The government evidence was that on June 24, 1974, Special Agent Alfred Lee, Jr., Bureau of Alcohol, Tobacco and Firearms, United States Treasury Department, and an informer, William Arthur Alexander, went to an apartment building at 3000 South Tracy, Kansas City, Missouri, and there engaged defendant in a conversation about firearms. Defendant said he had no firearms for sale and that he had "gotten rid" of three the day before. Defendant said he had a sawed-off shotgun and would rent it for $20.00. Lee paid him $20.00 and he and Alexander left the building with the sawed-off shotgun in a brown paper bag. Special Agent David Neiman, in surveillance outside the building, confirmed the entry of Lee and Alexander into the building and their later exit with the gun in the brown paper bag. Neiman tested the weapon and found it to be in normal operating condition. It measured 21¼ inches in overall length with a barrel length of 13½ inches. The gun was not registered in the National Firearms Registration and Transfer Record.

Defendant denied possession of the sawed-off shotgun and said a former fellow prisoner, Robert Batchlor, offered to sell him the gun for $40.00 but that he declined to receive or purchase it. He later saw it leaning against the wall in the public aisle-way, from which place, he said, Alexander subsequently picked it up.

Viewing the evidence in the light most favorable to the government, the jury was justified in finding beyond a reasonable doubt that defendant willfully and knowingly possessed the unregistered firearm. It was not necessary for the government to prove, as argued by defendant, that defendant's possession of the gun was voluntary. It was only required to prove: (1) willful and knowing possession of (2) a firearm which was (3) unregistered. *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); *United States v. Ackerson*, 502 F.2d 300 (8th Cir. 1974); *United States v. Pietras*, 501 F.2d 182 (8th Cir. 1974); *United States v. Moon*, 492 F.2d 902 (8th Cir. 1974).

Defendant also claims he was deprived of his Sixth Amendment right to a fair jury trial because the government exercised two of its peremptory strikes to exclude the only Blacks on the panel. The record is devoid of any evidence to support the claim that the prosecutor systematically and intentionally excluded the two Black persons, and counsel, in his brief and in oral argument, does no more than to assert the claim. The prosecutor was free to exercise his peremptory strikes as his best judgment dictated and the mere suggestion of systematic and intentional exclusion, without more, does not establish it. *Swain v. State of Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *United States v. Pollard*, 483 F.2d 929 (8th Cir. 1973), *cert. denied*, 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974).

Judgment affirmed.

* The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.