**UNITED STATES of America, Appellee,**

v.

**Eloise L. ROBY, Appellant.**

**No. 77–1947.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1978.

Decided Jan. 31, 1979.

John W. Walker of Walker, Hollingsworth & Jones, Little Rock, Ark., argued, Henry L. Jones, Jr. and Harold Evans, on brief, Little Rock, Ark., for appellant.

A. Douglas Chavis, Asst. U. S. Atty., Little Rock, Ark., argued, W. H. Dillahunty, U. S. Atty. and Chavis, Little Rock, Ark., on brief, for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Appellant Eloise L. Roby appeals from a judgment entered in the United States District Court[1] for the Eastern District of Arkansas upon a jury verdict finding her guilty of embezzlement by a bank employee in violation of 18 U.S.C. § 656. Appellant was sentenced to twenty-eight months imprisonment with suspension of sentence and probation after four months service in a jail-type institution.

For reversal appellant principally argues that (1) the evidence was insufficient to support the verdict, (2) the trial court erred in failing to grant appellant's motion to suppress certain testimony and evidence, and (3) the trial court erred in denying her motion for a mistrial because she did not consent to an eleven-member jury and no written stipulation was made as required by Fed.R.Crim.P. 23(b).[2] For the reasons discussed below, the judgment of conviction is affirmed.

Acting upon the request of the First American Bank in North Little Rock, Arkansas, to investigate a recurrent problem of missing bank deposits, FBI agents prepared four bank deposits with marked bills. The FBI agents recorded the serial numbers and placed identifying symbols on all the bills. In one of the deposits, the bills were dusted with phosphorescent powder which is invisible to the naked eye but visible under ultraviolet lighting. The marked deposits were delivered with the usual bank mail. After the mail was sorted and assigned, two of the marked deposits were missing. The FBI agents and certain bank personnel then questioned those bank employees who had access to the mail requesting each employee to show any money on his or her person.

Appellant first argues that the evidence was insufficient to support the verdict. We disagree. The evidence presented at trial showed that $195 of the marked bills was found by FBI agents in appellant's billfold and that under special lighting phosphorescent powder residue was visible on appellant's left hand. The evidence also disclosed that appellant had eaten lunch that day at a local restaurant and paid with a $5 bill. The agents recovered a marked $5 bill from the restaurant. Appellant presented no evidence to support her theory that she had been framed.

Appellant also argues that the trial court erred in failing to suppress certain self-incriminating testimony and evidence. Appellant argues that she was not adequately advised of her rights, see *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the contents of her handbag (including the missing $195) were the subject of an illegal search. We disagree. The evidence presented at trial included an advice of rights form bearing a signature identified by appellant as her own. Several federal agents testified that appellant had been advised of her rights, had been told she was a suspect in the case and had signed the advice of rights card. The evidence also indicated that appellant had been asked to empty her handbag as part of the investigation and that she emp-

* The Honorable EARL R. LARSON, Senior District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Oren Harris, Senior United States District Judge, Eastern District of Arkansas.

2. At the time of trial, September 1977, Rule 23(b) provided:

Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12. Rule 23(b) was amended, effective October 1, 1977, Pub.L. 95–78, § 2(b), 91 Stat. 320, with the addition of the following:

or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences.

tied her handbag on the floor. Evidently the money was discovered amid the spilled contents on the floor. Under these circumstances, we cannot agree with appellant's argument that her consent was involuntary because it was the result of duress or coercion. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Appellant finally argues that the trial court erred in denying her motion for a mistrial because she did not waive her right to a jury of less than twelve in writing as specified in Fed.R.Crim.P. 23(b) and for that reason did not consent to a jury of less than twelve. We note that this issue is raised for the first time on appeal. Appellant did argue at trial and in her motion for a new trial that a mistrial should have been granted because of juror misconduct. Although related to the issue now presented on appeal, the argument made below was not phrased in terms of noncompliance with Rule 23(b).

Before trial and in the presence of appellant, both counsel for the government and counsel for the defense orally agreed to waive alternate jurors and to try the case to the remaining jurors "if necessary." The record is silent as to any written stipulation. During trial, defense counsel moved for a mistrial in the judge's chambers on the basis that one juror had been sleeping during the examination of one witness. The trial court denied the motion for a mistrial but excused the sleeping juror. The trial court did not appoint an alternate juror, relying on the pretrial agreement by both counsel to try the case to the remaining jurors. The trial court did not address appellant to determine if she personally and knowingly consented to waive a jury of twelve.

Appellant argues that an oral stipulation will satisfy Rule 23(b) only if the trial court addresses the defendant to ascertain whether she personally consents to waive her right to a jury of twelve and her consent appears in the record. Therefore, appellant argues, she cannot be held to have expressly and intelligently consented to a jury of less than twelve, *citing Patton v. United States*,

281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930). In that case the Supreme Court held that the Constitution required a twelve-member jury in criminal cases unless that right was waived and held that "before any waiver [of the right to a jury of twelve] can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *Id.* The Court did not, however, mention any requirement that the consent be in writing. Although Rule 23(b) provides that "at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12," the Notes of the Advisory Committee on Rules commented that the rule merely restated the "existing practice" which had been upheld in *Patton*.

In *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court inferentially overruled the *Patton* case. *Id.* at 92, 102–03, 90 S.Ct. 1893. It determined that Congress or the states could provide for a jury of less than twelve. It specifically held that "the 12-man requirement cannot be regarded as an indispensable component of the Sixth Amendment." *Id.* at 100, 90 S.Ct. at 1905.

█ Assuming, but not deciding, that the failure to commit the stipulation of the attorneys to writing was error, it was a procedural error and not one of constitutional magnitude. As such it is appropriate to apply the harmless error rule to the facts of the case. The evidence, as hereinbefore set forth, was very strong. There was no evidence to sustain appellant's claim that she was being framed. In our opinion the failure of the attorneys and the district court to comply with the letter of Rule 23(b) was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We have examined the other issues argued by appellant and find them to be

without merit.[3] The judgment of conviction is affirmed.

McMILLIAN, Circuit Judge, dissenting.

I must respectfully dissent. In my opinion, Rule 23(b) expressly requires a written stipulation. I would adopt the position taken by the Ninth Circuit in *United States v. Guerrero-Peralta*, 446 F.2d 876, 877 (9th Cir. 1971), that because the "purpose of a written stipulation under Rule 23(b) is to provide 'the best record evidence of the *express* consent of a defendant,' [the] [e]xpress consent given orally by the defendant personally and appearing on the record may be equally good evidence, but that much, as a minimum, must appear." *Id., citing United States v. Virginia Erection Corp.*, 335 F.2d 868, 871 (4th Cir. 1964) (emphasis in original).

---

3. Appellant has cited no facts in support of her general allegation that the government exercised its peremptory challenges to exclude black members of the jury panel. *See United States v. Thompson*, 518 F.2d 534, 535 (8th Cir. 1975).