UNITED STATES of America

v.

Michael GRASSO.

Crim. No. 76–505–1.

United States District Court,
E. D. Pennsylvania.

March 22, 1979.

Louis R. Pichini, Philadelphia Strike Force, Organized Crime & Racketeering, Philadelphia, Pa., for the United States.

Marvin Comisky, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In December 1977, Michael Grasso was convicted on one count of mail fraud in a trial without a jury. He was sentenced to six months imprisonment and placed on 4½ years probation. 18 U.S.C. § 3651. Grasso now moves under 28 U.S.C. § 2255 to vacate that sentence, alleging that he was denied his right to a jury trial because Rule 23(a) of the Federal Rules of Criminal Procedure (F.R.Crim.P.) was not followed. For the reasons discussed below, Grasso's motion will be denied.

### I. *BACKGROUND:*

Michael Grasso was indicted on 34 counts of mail fraud and 2 related counts. He was first tried without a jury and convicted in March 1977 on one count of mail fraud.

Grasso moved for a new trial on the basis of newly discovered evidence. The trial judge granted the motion and later denied,

after a hearing on the question of due diligence, the government's motion for reconsideration. Immediately after this hearing, the second trial was started. Trial was again held without a jury and again Grasso was found guilty of one count of mail fraud.

Before the first trial, Grasso signed and filed a written waiver of a jury trial pursuant to F.R.Crim.P. 23(a).[1] This procedure was not repeated before the second trial nor was a voir dire conducted on the waiver of a jury trial. However, Grasso does not deny that his counsel, Alan Davis, personally advised the trial judge by telephone, with authority from defendant, that a jury was waived at the second trial.

In December 1977, Grasso appealed his second conviction to the Court of Appeals for the Third Circuit. In his brief to the Court of Appeals, Grasso's counsel, Alan Davis, raised in a footnote the possibility that Grasso did not validly waive a jury at the second trial. Mr. Davis noted that he had personally advised the trial judge, with authority from Grasso, that a jury trial was waived. Mr. Davis accordingly declined to press the point on appeal. The government, in its brief to the Third Circuit, devoted a three-paragraph footnote to the question of a valid waiver of a jury trial.

In August 1978, the Third Circuit affirmed the conviction by judgment order without mentioning the waiver issue.[2] A petition for certiorari to the United States Supreme Court recently was denied.

In November 1978, Grasso filed this § 2255 motion to vacate, set aside or correct his sentence. He stated as his sole ground of challenge that he was denied his constitutional right to trial by jury because he neither signed nor was questioned on the record about a waiver of his right to have his case heard by a jury at the second trial.[3]

## II. § 2255:

Consideration of a § 2255 motion must begin with the axiom that collateral attack on a federal sentence is not to be used as a substitute for direct appeal. *United States v. Sappington,* 527 F.2d 508 (8th Cir. 1975); *United States v. Duhart,* 511 F.2d 7 (6th Cir.), *cert. denied* 421 U.S. 1006, 95 S.Ct. 2409, 44 L.Ed.2d 675 (1975); *Garcia v. United States,* 492 F.2d 395 (10th Cir. 1974), *cert. denied* 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1975). Several corollaries to this principle demarcate the perimeter of § 2255: (1) issues decided on appeal cannot be raised collaterally by a § 2255 motion. *United States v. Natelli,* 553 F.2d 5 (2d Cir. 1977), *cert. denied* 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1978); *Scott v. United States,* 545 F.2d 1116 (8th Cir. 1976), *cert. denied* 429 U.S. 1111, 97 S.Ct. 1148, 51 L.Ed.2d 565 (1977); *Stephan v. United States,* 496 F.2d 527 (6th Cir. 1974), *cert. denied* 423 U.S. 861, 96 S.Ct. 116, 46 L.Ed.2d 88 (1975); (2) issues that could have been raised on direct appeal and inexcusably were not are not the proper subject of a § 2255 motion. *Porth v. Templar,* 453 F.2d 330 (10th Cir. 1971); *Overton v. United States,* 450 F.2d 919 (5th Cir. 1971); *Paige v. United States,* 456 F.2d 1278 (9th Cir. 1972); and (3) issues apparent on the record on direct appeal are considered to have been waived for purposes of a § 2255 motion. *Matysek v. United States,* 339 F.2d 389 (9th

---

**1.** F.R.Crim.P. 23(a) reads as follows:

(a) Trial By Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

**2.** The judgment order in its entirety reads as follows:

After consideration of the contentions raised by appellant, namely, that the judgment of the district court should be reversed because (1) the evidence adduced at trial was fatally at variance with the indictment and consti-

tuted an impermissible "constructive amendment" of the indictment; (2) the grand jury procedures were abused, and thus the indictment should be dismissed; and (3) the evidence was insufficient to establish the requisite elements of the offense of mail fraud as contained in 18 U.S.C. § 1341, it is ADJUDGED and ORDERED that the judgment of the district court be and is hereby AFFIRMED.

**3.** For reasons not pertinent here, the trial judge recused himself from the § 2255 suit and the case was reassigned to this court.

Cir. 1964); *Medrano v. United States,* 315 F.2d 361 (9th Cir.), *cert. denied* 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81 (1963); *Ingram v. United States,* 299 F.2d 351 (5th Cir. 1962).

■ Grasso's collateral claim that the absence of a written waiver or colloquy on the record denied him his Sixth Amendment right to a jury at the second trial is within the second exclusionary rule developed under § 2255. That the alleged defect could have been raised on appeal is obvious. That the issue was not pressed on appeal is less manifest but also certain. The sole mention at the appellate level of the waiver issue was a footnote reference in both Grasso's and the government's briefs. Alan Davis, Grasso's counsel, in over 80 pages of argument, devoted only 3 reluctant paragraphs to the point:

> At the original trial, defendant was not voir dired by the trial judge on jury waiver, but filed the written waiver required by Rule 23(a). Prior to the retrial, defense counsel informed the trial judge orally by telephone, with the authority of the defendant, that defendant waived a jury as to the retrial. Defendant was not voir dired by the trial judge and did not file a written waiver as to the retrial. After the retrial, others have suggested to counsel and to the defendant that defendant is entitled to a new trial because he had not validly waived a jury trial. [citations omitted].
>
> Because present counsel personally advised the trial judge, with authority from

the defendant, that a jury trial was waived, present counsel has declined to urge the issue on this appeal. However, because of the importance the matter may be to the defendant, counsel feels compelled to bring the problem to the attention of this Court.

The government's response was also a three paragraph footnote of tentative tone.[4] Given the scant and hesitant nature of these references to the jury trial question, it appears that the issue was not pressed on appeal with the vigor that § 2255 requires if the question is to be preserved for collateral attack.[5]

■ However, concluding that Grasso's § 2255 claim could have been raised on appeal but was not does not end the matter. A § 2255 movant who can demonstrate *cause* for his failure to press an issue on appeal and actual *prejudice* resulting from the alleged defect is entitled to collateral relief of his claim. *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). *Cf. Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (applying the *Davis* cause and prejudice rule to 28 U.S.C. § 2254 federal habeas challenge to state conviction). If Grasso can meet this cause and prejudice standard, the merit of his claim can be reached, the failure to press the point on appeal notwithstanding.

Although the terms cause and prejudice have yet to be given recognizable content by the case law, *see e. g., Collins v. Auger,*

---

4. The government's response reads as follows:

While not urging the issue in his appeal, appellant invites this Court's attention to the fact that, although he waived a jury trial in writing prior to the first trial in compliance with Rule 23a, Fed.R.Crim.P. (9a), he did not execute a second written waiver prior to his second trial. Rather, appellant's attorney verbally conveyed his desire to be tried without a jury to the trial judge . . . .

However, where a trial judge grants a motion for a new trial under Rule 33, Fed.R.Crim.P. to entertain newly-discovered evidence, a second written jury waiver appears unnecessary. In *United States v. Lee,* 539 F.2d 606, 608 (6th Cir. 1976) the court held:

[W]here a tribunal grants a new trial in the interest of justice without the intervention of a reviewing court . . . it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force. F.R.Crim.P. 33 and Magistrate's Rule 7, which permit the tribunal to simply vacate the judgment and reopen the proceedings in an appropriate case, may be construed to require this result.

5. Because I have concluded that this motion is properly analyzed under the rule that issues capable of being raised on appeal yet not pressed are unavailable as grounds for § 2255 relief, I need not consider whether the claim urged here was either decided on appeal or apparent on the record.

577 F.2d 1107, 1110 (8th Cir. 1978); *Dumont v. Estelle,* 513 F.2d 793, 797–800 (5th Cir. 1975), it is certain that Grasso has failed to satisfy the *Davis* requirement that *actual* prejudice be demonstrated. Grasso has made. no claim that he has been prejudiced; nor did he at the hearing on his § 2255 motion present any evidence upon which this court could base a finding of prejudice.

The imperative of an indication of prejudice on a § 2255 motion has recently been emphasized by the Third Circuit:

> *Davis v. United States* [417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109] . . . requires that a different standard be applied in the collateral proceeding than would control the direct appeal. *Davis* suggests that collateral relief is not available "in the absence of any indication that the defendant was prejudiced" or that the error of law was a "fundamental defect which inherently results in a complete miscarriage of justice" . . . [I]t is clear that *Davis* emphasizes the necessity of considering whether the defendant suffered prejudice. *Horsley v. United States,* 583 F.2d 670, 672 (3d Cir. 1978).

The precise contours of the concept of prejudice as used by the *Davis* court in the context of a § 2255 motion are not readily discernible; nonetheless this record evidences no attempt by Grasso to approach the threshold of that requirement.

In his § 2255 motion, Grasso sets forth his claim as follows:

> Denial of Right to Jury Trial. After my original conviction, I was granted a new trial on the basis of newly discovered evidence. I did not sign a written waiver of my right to trial by jury prior to the commencement of the new trial or thereafter. I was not asked any questions of record nor informed by the court of my right to a jury trial.

Nowhere in his motion, nor in his supporting memoranda, nor at the hearing did Grasso allege that he did not knowingly and intelligently waive his right to a jury trial.[6]

Without such an allegation, Grasso is without a basis to demonstrate that prejudice resulted from the absence of a written waiver or colloquy on the record.

■ Prejudice here does not mean that Grasso must credibly allege that, but for the Rule 23(a) defect, he would have been acquitted; plainly, that burden is excessive. At a minimum, however, Grasso must allege that failure to comply with either the written or voir dire procedure for waiving a jury trial resulted in a waiver that was not knowing and intelligent. Such an allegation is indispensable because the waiver is not constitutionally infirm if knowingly and intelligently made, failure to memorialize it in writing or on the record notwithstanding. *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Adams v. United States,* 317 U.S. 269 at 278, 63 S.Ct. 236, 87 L.Ed. 268 (1942). If the waiver was made with knowledge and intelligence, and is accordingly unimpeachable on constitutional grounds, then collateral attack is impermissible.

■ Section 2255 consideration is available only to a movant who "in the absence of such an adjudication will be the victim of a miscarriage of justice." *Wainwright v. Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508 (decided under indistinguishable § 2254). Technical non-compliance with Rule 23(a) does not *a fortiori* result in a miscarriage of justice. *Cf. Keel v. United States,* 585 F.2d 110 (5th Cir. 1978); *Ramsey v. United States,* 448 F.Supp. 1264, 1273 (N.D.Ill.1978) (recent rejections of "inherent prejudice" approach in § 2255 cases). Only if the constitutional right being protected by Rule 23(a) is abridged as a result of the failure to comply with the rule does the plague of injustice infect the conviction. Here, no averment has been made and no evidence has been presented which would serve as a basis for finding that Grasso has suffered prejudice to his constitutional right. Absent a tenable allegation of fundamental detriment, or facts that raise a

---

**6.** Indeed, at a hearing on the motion held February 9, counsel for Grasso, Marvin Comisky, Esq., stated that Grasso's knowledge was irrelevant. *See* discussion, infra.

suspicion of such prejudice,[7] § 2255 review is precluded. *Stewart v. Ricketts,* 451 F.Supp. 911, 917–18 (M.D.Ga.1978) (collecting cases).

Grasso's present counsel argues that his client's knowledge is irrelevant to his motion; that precedents unmistakably establish a necessity for either a writing or a colloquy on the record if trial is to be nonjury; and that failure to comply with the writing or voir dire procedure entails without more a constitutional deprivation. Numerous cases are discussed in support of this position: *United States v. Kidding,* 560 F.2d 1303 (7th Cir. 1977), *cert. denied* 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151 (1978); *United States v. David,* 167 U.S. App.D.C. 117, 511 F.2d 355 (1975); *United States v. Taylor,* 498 F.2d 390 (6th Cir. 1974); *United States v. McCurdy,* 450 F.2d 282 (9th Cir. 1971); *United States v. Guerrero-Peralta,* 446 F.2d 876 (9th Cir. 1971); *United States v. Mitchell,* 427 F.2d 1280 (3d Cir. 1970); *United States v. Lutz,* 420 F.2d 414 (3d Cir. 1970), *cert. denied* 398 U.S. 911, 90 S.Ct. 1709, 26 L.Ed.2d 73 (1971); *Pool v. United States,* 344 F.2d 943 (9th Cir. 1965), *cert. denied* 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76 (1966); *Rogers v. United States,* 319 F.2d 5 (7th Cir. 1963), *cert. denied* 375 U.S. 989, 84 S.Ct. 524, 11 L.Ed.2d 475 (1964); *Horne v. United States,* 264 F.2d 40 (5th Cir.), *cert. denied* 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959).

The flaw in these contentions is that they nowhere confront the *Davis* requirement of actual prejudice. The most generous reception that can be given this argument is to infer from it the proposition that non-compliance with either the writing or voir dire procedures is *per se* prejudicial. That position is rejected in connection with this § 2255 motion under the circumstances set forth in this record. No miscarriage of justice is apparent here, nor is one alleged.

Further, the many cases cited by Grasso are inapposite for a simple but unassailable reason. Only two of Grasso's cases, *Rogers* and *Horne,* were decided on § 2255 motions. The others appear to have been heard on direct appeal, where the *Davis* requirement of prejudice is not a prerequisite to consideration. *Horsley v. United States,* 583 F.2d at 672. Those cases are thus irrelevant because decided under a standard of review that does not require the demonstration absent here. *Rogers* and *Horne,* the only cases heard on § 2255 review, were decided a decade before *Davis* articulated the cause and prejudice rule and are therefore not relevant to Grasso's motion. *Horsley v. United States, id.*

Finally, the recent *Horsley* decision does not imply a contrary disposition here. The Third Circuit in *Horsley* held that where a defendant pleads guilty without being addressed by the court in a manner satisfactory under F.R.Crim.P. 11 the prejudice required for a § 2255 motion is inherent in the plea. *Id.* at 674. This conclusion of *per se* prejudice is not controlling in Grasso's Rule 23(a) case because of the significant distinction between the rules of criminal procedure involved. Further, our Third Circuit has voted to rehear *Horsley en banc. United States v. Horsley,* slip order, March 8, 1979. Finally, the Supreme Court has granted certiorari to resolve a split in the circuits on the question of inherent prejudice in a § 2255 attack on a Rule 11 plea. *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 830, 59 L.Ed.2d 30 (1979). *Horsley* does not therefore require that the *per se* rule of prejudice be expanded to the facts of this case.

---

**7.** The record here reveals that Grasso is an intelligent and sophisticated businessman, with experience in criminal defense matters. Since 1972 he has been represented by Alan Davis, a lawyer of the highest quality. The written waiver at the first trial was of course signed by Grasso personally. Given these facts of record, there is no reason to suspect, absent an allegation of such, that Grasso did not knowingly and intelligently waive his right to a jury at the second trial. *Compare United States v. David,* 167 U.S.App.D.C. 117, 511 F.2d 355 (1975) (defendant arguably incompetent). Further, there is nothing suspicious about a defendant in Grasso's position choosing to be tried before a judge who has just granted, over adamant opposition, a second trial on the grounds of significant new evidence. *Compare United States v. Lee,* 539 F.2d 606, 609 (6th Cir. 1976).

■ Nothing said today should be taken to suggest that the Sixth Amendment right to trial by jury is a minor sphere in our constitutional galaxy. It is not. Nor should this decision be read as intimating that the procedural requirements of Rule 23(a) are expendable. Our circuit has expressly admonished us not only to secure waiver of a jury trial in writing but also to voir dire the defendant if there is any doubt as to the knowing and intelligent nature of his waiver. *United States v. Mitchell*, 427 F.2d 1280 (3d Cir. 1970). We hold only that given the Supreme Court's erection of actual prejudice as a predicate to § 2255 review, a motion alleging procedural defects in the waiver of a jury trial, in the absence of a companion averment that those defects resulted in something less than a knowing and intelligent waiver, will be denied.

### ORDER

AND NOW, this 22nd day of March, 1979, it is ADJUDGED that defendant's motion to vacate, set aside or correct his sentence should be and hereby is DENIED.