46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Eugene CLEVELAND, Defendant-Appellant.
 No. 93-10739.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Eugene Cleveland appeals his conviction for being a felon in possession of a firearm. Cleveland argues that the police officer lacked probable cause to arrest him without a warrant. He also argues that the district conducted an inadequate colloquy before accepting his jury trial waiver. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Probable Cause to Arrest
 
 
 4
 Cleveland first contends that the police officer did not have probable cause to arrest him based on unreliable hearsay; therefore, the district court erred by denying his motion to suppress the gun seized incident to that arrest. "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir. 1988). We review de novo. Id.
 
 
 5
 Here, at 11:10 p.m. on May 18, 1992, Police Officer Kirby received a message on his patrol car's computer to check 468 North Third for suspicious activity. Jennifer Turetto had told a Child Protective Services worker that her boyfriend, Cleveland, was stalking her because she had attempted to file a complaint of child abuse. The message further relayed that Cleveland drove a white Ranchero with a camper shell and a police scanner and would be armed. At 11:35 p.m., Kirby checked Turetto's residence, but no one was home.
 
 
 6
 Back at the police station, Kirby spoke to the Child Protective Services worker, Joann Emehiser. Emehiser told Kirby that Turetto had called her on the hotline to report Cleveland for child abuse. Emehiser relayed that Turetto did not want to involve the police because Cleveland had entered Turetto's house in the early morning, held a gun to her head, and threatened to kill her and her children if she filed a child abuse charge.
 
 
 7
 In addition, Kirby confirmed that Cleveland owned a commercial Ford vehicle, had a substantial criminal record, and was affiliated with the Hell's Angels.[1] Kirby obtained Cleveland's photograph. Finally, Kirby reviewed another police officer's report concerning Turetto's child abuse report from the afternoon of May 17.
 
 
 8
 Armed with this information, Kirby returned to Turetto's neighborhood around midnight. There, he observed a man with tattoos sitting with binoculars in a white Ranchero across the street from Turetto's home. As he approached the car, Kirby recognized Cleveland from the photograph. The district court determined that an arrest occurred when Kirby placed Cleveland in the squad car with handcuffs. Kirby found a gun in the passenger compartment of Cleveland's car.
 
 
 9
 We conclude that the combination of the victim's report of her direct observations of Cleveland's threats as relayed by the social worker and the officer's observations and independent fact finding established probable cause to arrest Cleveland. See United States v. Al-Azzawy, 784 F.2d 890, 894 (9th Cir. 1985) (probable cause to arrest without warrant existed when informant had reported that defendant threatened serious violence and had the means to carry out the threat, even though informant had not previously provided information to police), cert. denied, 476 U.S. 1144 (1986). Therefore, the search of the car incident to that arrest was valid. United States v. Fixen, 780 F.2d 1434, 1438 (9th Cir. 1986).
 
 
 10
 Cleveland has submitted pro se supplemental briefs on this issue. Cleveland's primary contention is that evidence acquired after his arrest establishes that Turetto was not reliable. For example, Cleveland notes that the police later determined that there was no evidence to believe that Turetto's child had been abused sexually. Because we evaluate the legality of an arrest based on the information the police possessed at the time of the arrest, these arguments are unavailing. See Delgadillo-Velasquez, 856 F.2d at 1298 (facts acquired after the arrest are irrelevant to determination of probable cause).
 
 II
 Waiver of Jury Trial
 
 11
 Cleveland next argues that his waiver of jury trial was not knowing, voluntary, and intelligent because the district court knew that Cleveland was mentally unstable, but failed to advise him completely of the consequences of his decision. The record does not support this contention.
 
 
 12
 After the jury heard most of the government's evidence against Cleveland, Cleveland attempted suicide. The district court ordered a psychiatric examination. Upon returning to court, Cleveland agreed to submit the balance of the case to the judge.
 
 
 13
 When the defendant's mental condition is a substantial issue, the district court must conduct an in-depth colloquy before accepting the defendant's waiver of jury trial. United States v. Christensen, 18 F.3d 822, 825-26 (9th Cir. 1994).
 
 
 14
 Prior to accepting the jury waiver, the district court engaged Cleveland in an extensive discussion about his understanding of the rights connected with a jury trial. For example, the court asked Cleveland if he was in a position, given his medication and stressful situation, to make an intelligent decision. In addition, when advising Cleveland of the consequences of waiving the jury, the district court asked "Do you understand that basically if the case does proceed along the lines that have been outlined there is a very high probability that your would be, in fact, found guilty?" The court made an express finding that Cleveland was attentive, in control, and understood the proceeding. Therefore, the district court conducted a sufficient colloquy.
 
 
 15
 That the district court omitted the unanimity requirement and obtained an oral, rather than written, waiver does not invalidate the waiver. See United States v. Cochran, 770 F.2d 850, 853 (9th Cir. 1985) (recommending but not requiring district courts to advise defendants that the jury verdict must be unanimous before accepting a jury waiver); United States v. McCurdy, 450 F.2d 282, 283 (9th Cir. 1971) (per curiam) (despite absence of a written waiver as required by Fed. R. Crim. P. 23(a), record showed that the oral waiver was knowing and express).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Cleveland's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Kirby was informed also that Cleveland was on parole. Because the information was false, the district court disregarded this fact