Jack E. SINCLAIR, Petitioner-Appellant,

v.

Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Respondent-Appellee.

No. 71–1994.

United States Court of Appeals, Ninth Circuit.

May 16, 1972.

J. B. Smith, Portland, Or. (argued), for petitioner-appellant.

John W. Osburn, Sol. Gen. (argued), Lee Johnson, Atty. Gen., Jim G. Russell, Asst. Atty. Gen., Salem, Or., for respondent-appellee.

Before JERTBERG, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant, a paroled prisoner of the State of Oregon, appeals from an order of the district court dismissing his petition for writ of habeas corpus.

Following state trial before the court, sitting without a jury, appellant was convicted of the crime of manslaughter by abortion, and on September 14, 1967, was committed to imprisonment for a term not to exceed four years, together with the imposition of a fine in the sum of $100.00. He was paroled from the Oregon State Penitentiary on March 6, 1970. His conviction was affirmed by the Oregon Supreme Court. Oregon v. Sinclair, 253 Or. 453, 454 P.2d 858 (1969).

Following filing of the petition for habeas corpus, the court appointed counsel for appellant, conducted pretrial proceedings, and entered a pretrial order dated January 27, 1971. The cause was submitted to the district court for decision on the state court records.

The following "Agreed Facts" appear in the district court's pretrial order:

"The facts relating to the petitioner's history of mental illness, upon which his claim of denial of basic constitutional rights is based, are as follows: his mental condition, which was ultimately diagnosed as schizophrenic paranoia, paranoid type in remission, was first manifested in 1961 while petitioner was a neurosurgical resident at the Good Samaritan Hospital, in Portland, Oregon. Thereafter he was treated extensively by both public and private physicians and on a number of occasions confined to Dammasch State Hospital and the Eastern Oregon Mental Hospital.

Petitioner was subsequently judicially declared incompetent and on January 31, 1966, a hearing was held before the Honorable William L. Dickson, Circuit Judge, Department of Probate, Multnomah County, Oregon, on a petition filed by petitioner Jack E. Sinclair, seeking an adjudication of competency. An order was filed by Judge Dickson on February 8, 1966, finding petitioner to be a mentally ill person and not entitled to an adjudica-

tion of competency and accordingly the petition was denied."

At the time set for arraignment in the state court, and on motion of counsel for appellant, appellant was committed to the Oregon State Hospital for observation, examination, and psychiatric evaluation, pursuant to O.R.S. 136.150, to determine his competency and ability to aid and assist in his defense.

On April 3, 1967, pursuant to a motion by appellant's counsel, a hearing was set on the question of appellant's competency to stand trial. Under O.R.S. 136.150, a pretrial competency hearing is required to be heard and determined by the court. Thereafter appellant filed a notice of intent to rely upon the defense of insanity in accordance with the provisions of O.R.S. 135.870, and on August 26, 1967, appellant entered pleas of "Not Guilty," and "Not Guilty by Reason of Insanity," to the crime charged in the indictment.

On Friday afternoon, September 8, 1967, a competency hearing commenced. Appellant was asked if he wished to waive jury trial. His affirmative answer was made part of the record.

On Monday, September 11, 1967, a written waiver of jury trial, required by Article I, Section 2 of the Oregon Constitution, was filed prior to completion of the competency hearing. At the start of the afternoon session, the court found appellant competent to stand trial. Subsequently trial before the court, sitting without a jury, commenced on the afternoon of September 11, and terminated on September 12, 1967, with a finding by the court of "Guilty."

The only issue presented on this appeal, which we deem it necessary to discuss, is stated by appellant in the following form:

"Was appellant denied his constitutional right to a trial by jury and if not, was appellant's purported waiver of a jury knowingly and intelligently accomplished?"

It is undisputed in the record that at the time the parties expressed their intention to waive a jury trial on the offense charged, and at the time of signing and filing of the written waiver of jury trial, appellant was still under the judicial declaration of incompetency entered and originally made in 1961, and reaffirmed on February 8, 1966.

Under the record before us, we conclude that appellant was denied his constitutional right to a jury trial. The written waiver of a jury trial, signed by appellant while under a judicial declaration of incompetency, is a nullity and cannot be equated with an intentional and intelligent waiver of a known right

The order of the district court dismissing appellant's petition for writ of habeas corpus is set aside and the case is remanded to the district court with instructions to grant the petition unless the State of Oregon, within a reasonable period of time, such period to be fixed by the district judge, shall grant appellant a new trial on the charge for which he was convicted.