Maurice Felix WALKER, Appellant,

v.

STATE of Alaska, Appellee.

No. 3322.

Supreme Court of Alaska.

May 26, 1978.

Alan Beiswenger, Asst. Public Defender, Bethel, Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage and Robert Adelman, Anchorage, of counsel, for appellant.

Victor C. Krumm, Dist. Atty., Bethel and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BOOCHEVER, Chief Justice.

Appellant Maurice Felix Walker was convicted of larceny in a dwelling[1] upon the guilty verdict of a six-person jury. We reverse and remand for a new trial on the ground that the record does not disclose a knowing, voluntary and personal waiver by the accused of his right to a twelve-person jury.

The sixth amendment to the United States Constitution guarantees the right to a jury trial:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . .

The Alaska Constitution secures a similar right and fixes the number of jurors at twelve:

> *Rights of accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record.[2]

■ Trial by jury is a fundamental right accorded criminal defendants,[3] and, as such, it requires a knowing and intelligent waiver for relinquishment.[4] Waiver cannot be presumed.[5]

■ In the present case, the following exchange transpired between the court and respective counsel:

THE COURT: Would you call first 12 jurors, please.

THE CLERK: Six.

THE COURT: Six, that's right. Counsel, will you stipulate for the record to a 6 man jury?

MR. KRUMM: Yes, we do, Your Honor.

THE COURT: Mr. Angstman . . . do you agree to a 6 man jury on behalf of the defendant?

MR. ANGSTMAN: Yes, we do, Your Honor.

THE COURT: Very well. And does the state stipulate to a 6 man jury?

MR. KRUMM: The state does, Your Honor.

THE COURT: Very well. Call 6 jurors.

In *Lanier v. State,* 486 P.2d 981, 988 (Alaska 1971), the authority of an attorney to waive his client's constitutional rights was discussed. We stated:

> We hold that an attorney's waiver of his client's constitutional rights will be binding on the client—subject to established limitations—when it occurs during the trial and results from decisions made during the trial. Conversely, an attorney's waiver of his client's constitutional rights without his client's consent will not be binding on the client if the waiver occurs before or after the trial or is the result of a decision made during the pretrial period. (footnotes omitted)

Here, the waiver occurred during the pretrial period, and thus was not binding on the client.

■ We believe that waiver of the right to trial by a jury of twelve persons requires that the court personally address the defendant, and that failure to do so is error

---

1. AS 11.20.150 provides:

   *Larceny in building or vessel.* A person who commits the crime of larceny in a dwelling house, banking house, office, store, shop, or warehouse, or in a ship, steamboat, or other vessel, or who breaks and enters in the night or daytime a church, courthouse, meeting house, town house, college, academy, or other building erected or used for public uses, and commits the crime of larceny in it, is punishable by imprisonment in the penitentiary for not less than one nor more than seven years.

2. Art. I, sec. 11, Alaska Constitution. The superior court for the State of Alaska in which Walker was tried is a court of record, AS 22.-10.050.

3. *Taylor v. Louisiana,* 419 U.S. 522, 526–27, 95 S.Ct. 692, 695–96, 42 L.Ed.2d 690, 696 (1975); *Duncan v. Louisiana,* 391 U.S. 145, 153–54, 88 S.Ct. 1444, 1449–50, 20 L.Ed.2d 491, 498 (1968); *State v. Browder,* 486 P.2d 925, 937 (Alaska 1971); *Baker v. City of Fairbanks,* 471 P.2d 386, 396, 401 (Alaska 1970).

4. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938); *Tarnef v. State,* 512 P.2d 923, 934–35 (Alaska 1973).

5. *Id.*

per se.[6] The United States Supreme Court has stated:

Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the *express* and intelligent consent of the defendant. (emphasis added)[7]

■ The Alaska Constitution secures the right to a twelve-person jury, and we hold that personal waiver of a constitutionally-guaranteed jury is required under the United States and Alaska Constitutions.[8]

■ Our holding that personal waiver is constitutionally mandated finds support in decisions interpreting the Federal Rules of Criminal Procedure. Rule 23(b) provides:

*Jury of Less Than Twelve.* Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

Because Rule 23(b) is essentially identical with Alaska's Criminal Rule 23(b),[9] we may look to federal decisions for guidance.

The requirement of a written stipulation is to provide "the best record evidence of the *express* consent of a defendant."[10] While oral consent may be substituted for written, the defendant must personally express his waiver.

An assertion by defense counsel that the defendant has consented is less reliable evidence, even when coupled with the inference of acquiescence drawn from defendant's failure to protest. Such an assertion is insufficient to show that the defendant's consent, if indeed it was given, was given with the requisite degree of understanding.[11]

■ The duty of the trial court to address the defendant personally on waiver of a jury of twelve extends to a duty to inquire whether the waiver is voluntary and knowing. Without such an inquiry, this court cannot determine from the record whether the waiver was properly accepted.[12] Failure to do so is error per se.[13]

**6.** *See Patton v. United States*, 281 U.S. 276, 286, 312, 50 S.Ct. 253, 254, 263, 74 L.Ed. 854, 857, 870 (1930).

**7.** *Id.* at 312, 50 S.Ct. at 263.

**8.** Although the United States Supreme Court has held since *Patton v. United States, supra* Note 6, that the federal constitution does not require that juries of twelve be available to criminal defendants, *Williams v. Florida*, 399 U.S. 78, 86–87, 90 S.Ct. 1893, 1898–99, 26 L.Ed.2d 446, 452–53 (1970), its holding in *Patton* that personal waiver is necessary before a defendant may abandon a constitutionally-guaranteed jury was not overruled by *Williams.* We hold that a similar waiver is required under the Alaska Constitution.

**9.** Alaska Criminal Rule 23(b) provides:
*Jury of Less Than Twelve.* Juries shall be of 12 persons but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

**10.** *United States v. Virginia Erection Corp.*, 335 F.2d 868, 871 (4th Cir. 1964) (emphasis in original).

**11.** *United States v. Taylor*, 498 F.2d 390, 392 (6th Cir. 1974); *United States v. Guerrero-Per-*

alta, 446 F.2d 876, 877 (9th Cir. 1971) (footnote omitted). *But see, United States v. Smith*, 523 F.2d 788, 791–92 (5th Cir. 1975).

**12.** *Cf., United States v. David*, 167 U.S.App. D.C. 117, 511 F.2d 355, 362 (1975) [retrial ordered where record insufficient to establish voluntary and intelligent waiver of trial by jury under F.R.Crim.P. 23(a)]. We believe the same standard applies to waivers under Alaska Criminal Rule 23(a) and (b).

**13.** The state has confessed error on the particular facts of this case stating:
The State of Alaska, acting by and through District Attorney Victor C. Krumm, confesses constitutional error on the issue of defendant's waiver of a twelve-person jury. A review of the record and consideration of appellant's brief and authorities cited therein convince the State that this conviction should be reversed on the basis that his constitutional right to a jury trial by twelve citizens was violated.
As pointed out by the defendant, the record is very sparse—almost nonexistent, actually—as to the reasons for going with a six person jury instead of the usual twelve. There were, of course, several reasons behind the court's decision to seek a jury trial with

We do not reach the other issues raised by Walker.[14]

REVERSED AND REMANDED.

MATTHEWS, Justice, concurring.

I would reverse without opinion based on the State's confession of error because I believe the question presented should not be resolved for future cases without a truly adversary presentation.

less than twelve jurors, but a silent record is not justifiable.

The State believes that there was a violation of both the letter and intent of Criminal Rule 23(b) in this case. The defendant should have been personally addressed by the court. *United States v. Guerrero-Peralta*, 446 F.2d 876 (9th Cir. 1971). The right to a trial by twelve is guaranteed by Article I, Section 11, of the Alaska Constitution, and although Criminal Rule 23(b) provides for a trial with less than this number, the right is so basic that any waiver should be express, unequivocal, intelligent and voluntary. *Horne v. United States*, 264 F.2d 40, cert. den. 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549.

Though there was no intention to violate the defendant's constitutional rights, and even though the defense attorney specifically agreed to a six person jury on behalf of his client (Tr. 34), the effect upon the defendant was constitutionally harmful.

The State does not reach the issue of whether failure to personally address the defendant was error per se. The State confesses error solely upon the facts in this case.

14. We do not rely on the particularities of this case, including Walker's hearing impairment since we have adopted an error per se approach.