Allen R. WALUNGA, Appellant,

v.

STATE of Alaska, Appellee.

No. 4746.

Supreme Court of Alaska.

July 25, 1980.

Christopher E. Zimmerman, Fairbanks, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

Allen Walunga appeals from the denial of his motion for post-conviction relief.[1] He claims that he was incapable of effectively waiving his constitutional right to trial by jury[2] because of mental illness, and that the superior court erred in failing to inquire into Walunga's capacity at the time it accepted the waiver of jury trial. We affirm.

Walunga was convicted in 1973 of first degree murder and assault with intent to kill. The convictions arose out of an incident in December, 1972, in a dormitory on the Fairbanks campus of the University of Alaska and involving two women students living there. Walunga was tried by the superior court sitting without a jury after he had filed a written waiver of his right to

---

1. Alaska R.Crim.P. 35(b).

2. U.S.Const. Amend. VI and XIV; Alaska Const. Art. I, § 11.

a jury trial.[3] He raised a defense of insanity which, after a non-jury trial, was rejected. Walunga was sentenced to life imprisonment on the murder count and fifteen years for the assault, with no parole eligibility for fifteen years.

In September, 1978, Walunga filed a Criminal Rule 35(b) post-conviction motion to vacate his conviction. The state opposed his motion, and included an affidavit from Walunga's trial counsel stating his belief that Walunga was competent to effectively waive his right to jury trial. The superior court in a thoughtful opinion concluded that there was sufficient evidence to sustain a finding that Walunga was mentally capable of waiving his right, and that the superior court had adequately inquired into the circumstances surrounding Walunga's written waiver of jury trial.

■ In this appeal Walunga attacks both of the superior court's conclusions. With respect to Walunga's mental capacity to knowingly and intelligently waive his right to a jury trial, it is sufficient to say that our examination[4] of the record leads us to the conclusion that the superior court's holding is supported by substantial evidence.[5]

■ The superior court's conclusion that the court had adequately inquired into the circumstances surrounding Walunga's waiver warrants a more extended discussion. Alaska Criminal Rule 23(a) requires that a defendant's waiver of the right to jury trial be in writing, but does not on its face require the trial judge to make an inquiry into the circumstances surrounding the written waiver. In *Walker v. State*, 578 P.2d 1388, 1390 & n. 12 (Alaska 1978), however, we stated that the rule does require a personal inquiry by the court to determine whether the defendant's waiver is voluntary and knowing. Here the superior court did make such an inquiry.[6]

■ Nevertheless, Walunga contends that this inquiry was insufficient, because it did not delve into his mental state. We reject Walunga's contention. Given the psychiatric testimony before the superior court, which in part found Walunga compe-

---

3. At the omnibus hearing defense counsel gave notice of his intent to waive trial by jury. Counsel asserted it as a matter of right under AS 12.45.083(d) informing the court that insanity was the only defense contemplated. AS 12.45.083(d) provides:

   When a person offers a defense based on mental disease or defect excluding responsibility for his criminal conduct, he may waive a jury trial without the consent of the state.

4. Neither party explicitly discusses the standard of review for trial court findings regarding waiver of this constitutional right. We believe that the proper standard of review is whether the superior court's finding of waiver is supported by substantial evidence. *See Naples v. United States*, 307 F.2d 618, 626 (D.C.Cir.1962); *Hampton v. State*, 569 P.2d 138, 143 (Alaska 1977).

5. We note especially the belief of Walunga's trial counsel that his client was capable of making a valid waiver. *Cf. Fajeriak v. State*, 520 P.2d 795, 802–03 (Alaska 1974) (defense counsel's belief that defendant is competent to stand trial is to be accorded great deference). *See also McKinney v. State*, 566 P.2d 653, 660 (Alaska 1977).

6. After the filing of the jury trial waiver, the following interrogation of Walunga took place:

   THE COURT: Record will reflect that the waiver of jury trial has been filed.
   Let me ask you, Mr. Walunga, do you know—do you realize that when you sign this that you do not have a jury, that I decide the case?
   MR. WALUNGA: Yes.
   THE COURT: Is that what you want?
   MR. WALUNGA: Well, at this time, I suppose, I do not know.
   THE COURT: Well, do you understand what you are doing when you sign the waiver of jury trial?
   MR. WALUNGA: Yeah.
   THE COURT: You know you—Mr. Backstrom's told you you have a right to a jury trial?
   MR. WALUNGA: Yes, I realize that.
   THE COURT: Okay. All right. It will be filed. All right. Where do we go from here, now?
   Walunga contends that his equivocal response to the court's question, "Is that what you want?", furnishes proof that he was unaware of what he was doing. In the context of Walunga's other, more definite statements, we believe that the superior court had a reasonable basis to conclude Walunga's waiver was voluntary and knowing.

tent to understand the proceedings against him and to assist in his defense, and Walunga's attorney's belief in his client's competency and his statement to the court that Walunga "has aided in his own defense," there was sufficient evidence of Walunga's capacity to obviate the need to inquire of Walunga himself. The cases on which Walunga relies are distinguishable. In *Sinclair v. Cupp*, 460 F.2d 296, 297 (9th Cir. 1972), the defendant executed his written waiver while under a judicial declaration of incompetency, and in *United States v. David*, 511 F.2d 355, 361 (D.C.Cir.1975), defense counsel doubted David's competency.

AFFIRMED.

BOOCHEVER, J., not participating.