**Clifford J. LAND, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. 5883.

Court of Appeals of Alaska.

Feb. 11, 1982.

Sandra K. Saville and David Schmid, Kay, Christie, Fuld, Saville & Coffey, Anchorage, for appellant.

Richard A. Weinig, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

On December 6, 1980, as the truck Clifford Land was driving approached an intersection in Anchorage, a car operated by seventeen-year-old Michael Bergsrud ran through a red light and struck Land's truck. The impact turned the truck into the path of a pedestrian, injuring the pedestrian. Land subsequently moved his truck off the roadway. Approximately five minutes after the accident occurred, police officers arrived at the scene to assist and help control traffic. Land was arrested for driving while intoxicated and was taken to the Anchorage Police Department for a breathalyzer test. The appellant registered 0.22 on the machine.[1]

Trial commenced on February 9, 1981, and after two prosecution witnesses had completed testimony and a third was still being directly examined, court was recessed

---

1. This reading indicates 0.22 percent alcohol by weight in the blood. A person who has 0.10 percent or more by weight of alcohol in the blood is intoxicated under AMC 9.28.020(B)(2). See n.2.

for the day. The following morning when trial resumed, it was brought to the court's attention that one of the jurors was ill with a fever of 102°F. The trial judge, without directly addressing Land, inquired of his counsel what his position was. The following exchange took place:

> THE COURT: Mr. Hopwood, do you have any particular feelings . . .
>
> MR. HOPWOOD: No, Your Honor.
>
> THE COURT: 101 I believe is . . .
>
> MR. HOPWOOD: I believe is [sic] she were excused the rest of the jury could proceed and we would have no objection to that.
>
> THE COURT: You'd like to proceed with the remaining five.
>
> MR. HOPWOOD: That's correct.

After receiving the approval of the municipality, the trial judge dismissed the juror and continued the trial with five jurors. Land was subsequently convicted under AMC 9.28.020.[2]

Land argues on appeal that the trial judge erred when he dismissed the sixth juror and, without receiving Land's personal waiver, allowed the trial to continue with only five jurors. In response, the municipality asserts that Land was bound by his attorney's waiver of the right to a six-person jury where the waiver occurred in mid-trial and resulted from decisions made during the trial.

Under Alaska Rule of Criminal Procedure 27(d), the court may order the discharge of a juror if that juror is unable to perform his duty before the jury retires to consider its verdict. If an alternate juror has not been impaneled, subsection (1) of the same rule permits the trial to proceed with the remaining jurors "with the *consent of the*

*parties.*" [Emphasis added.] The issue before us in the instant case is whether such consent may be given by the attorney or whether the client must personally express a waiver of the right to proceed with the required number of jurors.

We believe that *Walker v. State*, 578 P.2d 1388 (Alaska 1978), requires us to reverse Land's conviction. In *Walker*, the court held that a pretrial waiver of a jury of twelve by an attorney was not sufficient to waive this right on behalf of a defendant. The court said:

> We believe that waiver of the right to trial by a jury of twelve persons requires that the court personally address the defendant, and that failure to do so is error per se. . . .
>
> The Alaska Constitution secures the right to a twelve-person jury, and we hold that personal waiver of a constitutionally-guaranteed jury is required under the United States and Alaska Constitutions.
>
> . . . .
>
> The duty of the trial court to address the defendant personally on waiver of a jury of twelve extends to a duty to inquire whether the waiver is voluntary and knowing. Without such an inquiry, this court cannot determine from the record whether the waiver was properly accepted. Failure to do so is error per se.

*Walker v. State*, 578 P.2d at 1389–90 (footnotes omitted).

We see no reason why this ruling does not apply to a misdemeanor case which involves the waiver of a jury of six persons. Land had a constitutional right to a jury of six in a misdemeanor case just as Walker

---

**2.** AMC 9.28.020 provides in pertinent part:

A. It is unlawful for any person to commit the crime of driving while intoxicated.

B. A person commits the crime of driving while intoxicated if he operates, drives or is in actual physical control of a motor vehicle: (1) while under the influence of intoxicating liquor, depressant, hallucinogenic, stimulant or narcotic drugs as defined in AS 17.10.-230(13) and AS 17.12.150(3); (2) when there

is 0.10 percent or more by weight of alcohol in his blood or 100 milligrams or more of alcohol per 10 milliliters of his blood, or when there is 0.10 grams or more of alcohol per 210 liters of his breath as determined by a chemical test within four hours of his arrest; or (3) while he is under the combined influence of intoxicating liquor and another substance to a degree which renders him incapable of driving safely.

had a constitutional right to a jury of twelve in a felony case.[3]

■ Furthermore, in light of the supreme court's strong language in *Walker* stating that waiver of a full jury venire is a personal right of the defendant, we see no reason not to apply *Walker* to the facts in this case merely because the waiver occurred during the trial rather than before the trial as in *Walker*.[4] Even though the ruling was before trial in *Walker*, the waiver was made by the attorney, apparently in the presence of the defendant, just before the jury was summoned. The waiver by Land's attorney was also in the client's presence but with the jury present and after evidence had been taken. However, given the fact that the waiver of a jury trial by a jury of six is a fundamental, personal right of the defendant, we see no reason why the trial judge could not have excused the jury and made a personal inquiry of Land. Since there was no personal waiver of a jury of six by Land, it follows that his conviction was obtained in violation of. art. 1, § 11 of the Alaska Constitution and must be reversed.[5]

The conviction is REVERSED.

---

3. Art. I, § 11 of the Alaska Constitution provides in part:

> *Rights of accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record.

The superior court is a court of record. AS 22.10.050. The district court in which Land was tried is not a court of record. *Lopez v. Anchorage*, 597 P.2d 146 (Alaska 1979). The legislature has limited juries in district court to six persons. AS 22.15.150.

4. In *Walker* the court stated:

> In *Lanier v. State*, 486 P.2d 981, 988 (Alaska 1971), the authority of an attorney to waive his client's constitutional rights was discussed. We stated:

> > We hold that an attorney's waiver of his client's constitutional rights will be binding on the client—subject to established limitations—when it occurs during the trial and results from decisions made during the trial. Conversely, an attorney's waiver of his client's consent will not be binding on the client if the waiver occurs before or after the trial or is the result of a decision made during the pretrial period. (footnotes omitted)

> Here, the waiver occurred during the pretrial period, and thus was not binding on the client.

*Walker v. State*, 578 P.2d at 1389.

5. Because of our disposition of this appeal, it is not necessary for us to reach the issues which Land raises in regard to his sentence.