James O'DONNELL, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 5696.

Court of Appeals of Alaska.

April 8, 1982.

John M. Murtagh and Walter Share, Drathman & Weidner, P. C., Anchorage, for appellant.

David G. Berry, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

James O'Donnell was issued a citation for selling liquor to an intoxicated person in violation of Anchorage Municipal Code (AMC) 8.05.010(A).[1] He was convicted after trial before the district court, without a jury. O'Donnell now appeals, asserting that he was deprived of his right to a jury trial as secured by article I, section 11 of the Alaska Constitution.

The municipality has conceded that "the record is devoid of a specific waiver" by O'Donnell of his right to a jury trial. Indeed, the record is also devoid of any statement by O'Donnell's trial counsel purporting to waive his client's right to a jury trial. Under these circumstances, we con-

1. AMC 8.05.010(A) states:

It is unlawful for any person to sell, furnish, give or deliver any alcoholic liquor to anyone who is visibly intoxicated or who is under the age of 19 years.

clude that *Walker v. State*, 578 P.2d 1388 (Alaska 1978), is controlling and that this case must be reversed and remanded for a new trial. *See Land v. Municipality of Anchorage*, 640 P.2d 164 (Alaska App.1982).

As the Alaska Supreme Court held in *Walker v. State*, 578 P.2d at 1389:

> Trial by jury is a fundamental right accorded criminal defendants, and, as such, it requires a knowing and intelligent waiver for relinquishment. Waiver cannot be presumed. [Footnotes omitted.]

In *Walker*, the court held that the express waiver by an attorney of his client's right to a twelve-person jury was inadequate; it was held that the trial court must personally address the defendant to secure waiver of his right to jury trial and "that failure to do so is error *per se*." *Id.* at 1389–90 (footnote omitted). The court in *Walker* recognized, moreover, that sound policy mandates rejection of attempts by attorneys to waive their clients' right to jury trial. Thus, quoting from *United States v. Taylor*, 498 F.2d 390, 392 (6th Cir. 1974), the court in *Walker* emphasized the necessity of obtaining a waiver personally from the accused:

> While oral consent may be substituted for written, the defendant must personally express his waiver.
>
> > An assertion by defense counsel that the defendant has consented is less reliable evidence, even when coupled with the inference of acquiescence drawn from defendant's failure to protest. Such an assertion is insufficient to show that the defendant's consent, if indeed it was given, was given with the requisite degree of understanding.

*Walker v. State*, 578 P.2d at 1390 (footnote omitted).

The absence of an express waiver notwithstanding, the municipality has ad-

vanced a three-pronged argument against reversal in this case.

The municipality contends that this case should be distinguished from *Walker* because it is a misdemeanor. We find this contention to be without merit. In *Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970), our supreme court held that the right to trial by jury is a fundamental one under article I, section 11 of the Alaska Constitution, even in misdemeanor prosecutions. The court's subsequent decision in *Walker* was premised upon the fundamentality of the right to a jury trial, and it is significant that the decision in *Walker* specifically relied upon *Baker v. City of Fairbanks* to underscore the importance of the right to a jury trial. *Walker v. State*, 578 P.2d at 1389 n.3. *Baker*, of course, involved a misdemeanor prosecution. Furthermore, the Alaska Supreme Court gave no indication that its holding in *Walker* was meant to be grudgingly applied. To the contrary, the court specifically noted that the *per se* rule of reversible error it adopted was not based upon any circumstances peculiar to the facts of the case before it. *Id.* at 1391 n.14.[2] In *Land v. Municipality of Anchorage*, 640 P.2d at 164–166, we specifically rejected this same argument; nothing has been presented here that would justify altering our decision. We hold that the requirements of *Walker v. State* must be read to apply to misdemeanor prosecutions.

The municipality also contends that waiver of a jury trial may be inferred through O'Donnell's acquiescence to his attorney's waiver of the right. In support of this argument, the municipality cites a number of cases from other jurisdictions in which a defendant's apparent acquiescence in his attorney's express waiver of the right to jury trial has been found sufficient. Even assuming such a conclusion is not foreclosed by the *per se* rule adopted in *Walker*, it is

2. Moreover, our supreme court has indicated that the right to jury trial and the right to counsel are equally fundamental. *See Baker v. City of Fairbanks*, 471 P.2d at 395 & n.14. Prior to its decision in *Walker*, the court had decided that the right to counsel was of sufficient importance to require that the record of a

guilty plea entered by an unrepresented defendant must affirmatively show that the defendant personally waived his right to counsel and that his waiver was knowingly and intelligently given. *Gregory v. State*, 550 P.2d 374 (Alaska 1976). Significantly, *Gregory* involved a misdemeanor prosecution, and not a felony.

enough to observe that, in the present case, there is nothing in the record to establish any express waiver of O'Donnell's right to a jury trial by his attorney.

■ The municipality's third argument can be disposed of in a similar manner. At some point prior to trial, O'Donnell's counsel filed a document, apparently signed by O'Donnell, which was entitled "Authority to Enter Plea"; this document stated:

> The undersigned defendant hereby authorizes my above-named attorney to enter any appropriate plea on my behalf in the above and make any disposition thereof, based on conditions deemed reasonable by him.

The municipality maintains that in light of this document it was unnecessary for the trial court to address O'Donnell personally in order to obtain his waiver, since O'Donnell had, in effect, given written authority to his attorney to waive a jury trial on his behalf. As we have stated, however, there is nothing in the record to indicate that O'Donnell's trial counsel expressly waived the right to a jury trial on behalf of his client; accordingly, even if O'Donnell's trial attorney had properly been given the authority to waive O'Donnell's right to a jury trial, there is no basis upon which we could conclude that he exercised that authority.[3]

■ For the foregoing reasons, we conclude that O'Donnell's conviction must be REVERSED and that this case must be REMANDED for retrial.[4]

3. Additionally, as O'Donnell correctly notes in his brief, District Court Criminal Rule 1(d) expressly requires a waiver by the defendant in misdemeanor prosecutions; the rule relaxes the requirement that a waiver be secured in writing, but it nonetheless maintains the personal waiver requirement:

> *Trial by Jury—Waiver.* The manner of drawing juries shall be as provided by AS 09.20.040–09.20.090. Waiver by the defendant of jury trial need not be in writing, but shall be made in open court, and the district judge or magistrate shall make a proper notation thereof in the record of the proceedings.

In the present case, the provisions of District Court Criminal Rule 1 have been violated, not only by the lack of an express waiver by O'Donnell in open court, but also by the district court's failure to make any notation as to waiver in the record of the proceedings.

4. O'Donnell has raised two additional issues that we can decide summarily. First, he asserts that AMC 8.05.010(A) conflicts with former AS 04.15.020, a statute in effect at the time of the offense charged. We find no conflict. The provisions of AMC 8.05.010(A) that prohibit sale of liquor to a person who is "visibly intoxicated" must reasonably be construed to require proof that the person to whom liquor was sold was actually intoxicated *and* that his intoxication was manifested by symptoms that could be readily seen. This interpretation of "visibly intoxicated" is not in conflict with the standard established under former AS 04.15.-020.

We also reject O'Donnell's assertion that the term "visibly intoxicated" as used in AMC 8.05.010(A) is unconstitutionally vague and overbroad. We believe that a limiting instruction adopting a definition of "visibly intoxicated" that is substantially in accord with the definition of a "drunken person" set out in AS 04.21.080(7) would be appropriate under the facts presented in this case and would resolve any potential problems of vagueness or overbreadth. *See Summers v. Anchorage,* 589 P.2d 863 (Alaska 1979); *Larson v. State,* 564 P.2d 365, 371–74 (Alaska 1977).