v.

STATE of Alaska, Respondent.

No. A–10125.

Court of Appeals of Alaska.

May 2, 2008.

Leslie N. Dickson, Assistant Public Advocate, and Joshua Fink, Public Advocate, Anchorage, for the Petitioner.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In July 2007, the State filed a juvenile delinquency petition against the minor, I. J., alleging fourth-degree controlled substance misconduct (a class C felony).[1] I. J. did not file a request for a jury trial, so the case was scheduled for a bench trial on October 11th.

On the eve of trial, the Public Defender Agency (which had been representing I. J.) withdrew because of a conflict of interest arising from its representation of a co-participant in the drug transaction. The superior

1. *See* AS 11.71.040(a)(2) and (d).

court appointed the Office of Public Advocacy to be I. J.'s attorney. The court also rescheduled I. J.'s trial for the week of October 23rd—apparently despite knowledge that this was the week of a statewide training conference held jointly by the Public Defender Agency and the Office of Public Advocacy.

The Office of Public Advocacy received notice of its appointment on October 15th. The assistant public advocate assigned to I. J.'s case filed an emergency motion to continue the trial. Because of the attorney's unavailability, the court continued I. J.'s trial to the week of November 20th.

The Office of Public Advocacy received its first (and apparently only partial) discovery in I. J.'s case on either October 30th or November 2nd. Two weeks later, at the calendar call held on November 16th, the court informed I. J.'s assistant public advocate that the case was currently scheduled for a bench trial—but that she (*i.e.*, the assistant public advocate) could ask for a jury trial by filing the appropriate motion.

Seven days later, on November 23rd, I. J.'s attorney filed a written request for a jury trial. The court then denied this request on the basis that it was untimely under Delinquency Rule 21(a).

Delinquency Rule 21(a) declares that a minor's request for jury trial in a delinquency proceeding must be filed within 10 days of the minor's arraignment on the delinquency petition, or within 10 days of the time the minor enters a denial to the petition, whichever date is later. The children's master who denied I. J.'s request for a jury trial explained his decision as follows:

> [The minor] has been arraigned four times[,] and denials were entered [at] the arraignment[s]. The most recent arraignment and denial occurred on August 3, 2007. No request for a jury trial, either oral or written, was made until November 16, 2007, *more than three months after the deadline set forth in Rule 21* . . . .

> The minor has been represented by counsel since January 29, 2007. He offers no justifiable reason for the delay in re-

questing a jury trial or any justification for relaxing the rule.[4]

---

Fn 4: At the November 16, 2007 calendar call [I. J.'s] new attorney suggested that[,] because she is new, the ten-day period in which to request a jury trial should begin anew. She offered no authority for this theory[,] and [she] appears to have abandoned it in the written request for jury trial. . . . Moreover, the oral (and first) request for jury trial occurred at the November 16 hearing, more than a month after [the attorney] entered her appearance.

(Emphasis in the original.)

After receiving this ruling from the children's master, I. J.'s attorney sought relief from the superior court. When the superior court affirmed the master's ruling, I. J. petitioned this Court to review this matter. We stayed the delinquency proceedings in the superior court until we issued a decision in this matter.

Since that time, I. J. turned eighteen, and the State dismissed the underlying charge. Nevertheless, because of the importance of the issue raised in this case, and because the briefing of this issue was already complete and a draft decision had already been approved by this Court when the underlying charge was dismissed, we have decided to issue an opinion to resolve this issue for future cases.

We reverse the superior court's decision for the reasons that follow.

■ The Alaska Constitution guarantees minors the right to trial by jury in delinquency proceedings if the delinquency petition is based on allegations of criminal conduct that, if committed by an adult, could result in incarceration. *R.L.R. v. State*, 487 P.2d 27, 33 (Alaska 1971). In his petition for review to this Court, I. J. asserts that Alaska Delinquency Rule 21(a) is unconstitutional because it authorizes the superior court to deny a minor's right to jury trial simply on the basis of the minor's inaction (*i.e.*, the minor's failure to make a request within the 10-day period specified by the rule), rather than requiring the court to personally address the minor and obtain a knowing and intelligent waiver of the right to trial by jury—the kind of waiver that would be required in a crimi-

nal case.[2]

In its response, the State argues that Delinquency Rule 21(a) is constitutional, but the State also contends that the real issue in this case is "how strictly Delinquency Rule 21(a) should be applied." The State notes that the trial prosecutor did not oppose I. J.'s request for a jury trial, and the State forthrightly concedes that it would suffer no prejudice if I. J.'s request for a jury trial were now honored. The State concludes its response with the following sentence: "Because of the importance of the right to a jury trial and the apparent absence of prejudice to either the [S]tate or the trial court from I. J.'s late demand [for a jury trial], the [S]tate takes no position on [I. J.'s] petition for review" (aside from its argument that Delinquency Rule 21(a) is, indeed, constitutional).

■ In arguing that Delinquency Rule 21(a) is unconstitutional, I. J. faces an uphill battle. Under federal constitutional law, a minor has no right to a jury trial in delinquency proceedings. *McKeiver v. Pennsylvania*, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971). The right to jury trial exists only because of our supreme court's interpretation of the Alaska Constitution in the *R.L.R.* decision. And in *R.L.R.*, the supreme court explained at length why the court believed that a minor's right to jury trial in delinquency proceedings should be regulated in a manner equivalent to a civil litigant's right to jury trial under Alaska Civil Rule 38. *R.L.R.*, 487 P.2d at 33–35.

Civil Rule 38(a) declares: "The right of trial by jury [in civil cases] as declared by section 16 of article I of the [Alaska] constitution ... shall be preserved to the parties inviolate." But despite this apparent confirmation of the important nature of the right to jury trial in civil cases, Civil Rule 38 goes on to declare that this right can be waived by inaction:

> (b) **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of

the last pleading directed to such issue. Such demand shall be made in a separate written document signed by the party making the demand or by the party's attorney.

> . . .

> (d) **Waiver.** The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury....

In *Patrick v. Sedwick*, 391 P.2d 453 (Alaska 1964), our supreme court upheld the constitutionality of Civil Rule 38(d)—the portion of Rule 38 which states that a party's failure to file a timely request for a jury trial constitutes a waiver of that right. Here is the court's discussion of this point:

> As a final point, the plaintiff charges that she was denied her constitutional right to a trial by jury. The first time that the plaintiff requested a jury trial in this case seems to have been at the pretrial conference. This conference was held off the record and apparently not until many months after the last pleading had been served....

> Article I, section 16 of the Alaska Constitution provides that "[i]n civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law." [But in] certain provisions of [Civil Rule] 38, this right to trial by jury has been regulated in the following manner:

> > (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand shall be made in a separate written document signed by the party making the demand or by his attorney.

> > . . .

> > (d) Waiver. The failure of a party to serve a demand as required by this rule

**2.** *See Walker v. State,* 578 P.2d 1388, 1390 (Alaska 1978).

and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury....

Under the quoted provisions of the rule, the plaintiff [could be] denied her constitutional right to trial by jury ... if she failed to proceed in accordance with the rule. That is exactly what occurred in this case: she failed to file, within ten days after service of the last pleading, a written demand for trial by jury, as required by the rule. In fact, the record does not reveal that she ever filed the requisite written demand.

The provisions quoted from the rule are not unconstitutional unless they amount to an unreasonable regulation of the manner of exercising the right to trial by jury in civil cases. Both the United States Supreme Court and state appellate courts have decided that provisions such as those contained in [Civil Rule] 38(b) and (d) are constitutional. [Citations omitted] We are in accord with those decisions.[14]

---

Fn 14: For Professor Moore's discussion on the constitutionality of Rule 38(d) of the Federal Rules of Procedure, which is identical with our [Civil Rule] 38(d), see 5 Moore, Federal Practice, para. 38.43 (2d ed.1951).

*Patrick*, 391 P.2d at 459–460.

Our supreme court's decisions in *R.L.R.* and *Patrick* both strongly suggest that Delinquency Rule 21(a) is constitutional.

■ However, we need not resolve this issue—for we conclude that, even when we presume the constitutionality of Delinquency Rule 21(a), the superior court abused its discretion when it denied I. J.'s request for a jury trial.

As explained above, the supreme court held in *R.L.R.* that the right to jury trial in delinquency proceedings should be regulated in the same manner that Civil Rule 38 regulates the constitutional right to jury trial in civil cases. The court's decision in *R.L.R.* is the basis for Delinquency Rule 21(a)—which, like Civil Rule 38, imposes a 10–day time limit for requesting a jury trial, and which declares that the case will be tried by a judge if the minor fails to make a timely request for a jury.

But the Civil Rules contain another provision—Civil Rule 39—that is a sibling provision to Civil Rule 38. This rule reads:

(b) **[Trial by] the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but notwithstanding the failure of a party to demand a jury ..., the court in its discretion upon motion may order a trial by a jury of any or all issues.

The supreme court has acknowledged that this rule gives a trial judge the authority to grant a civil litigant's request for a jury trial even though that request is untimely under Civil Rule 38. *Patrick*, 391 P.2d at 460.

In a later case, *Hollembaek v. Alaska Rural Rehabilitation Corp.*, 447 P.2d 67 (Alaska 1968), Justice Jay Rabinowitz (as a single member of the court) expressed his views concerning how a trial judge should exercise the discretion afforded by Civil Rule 39(b). Justice Rabinowitz concluded, based on the following factors, that it was an abuse of discretion for the trial judge to deny a litigant's untimely request for jury trial:

(1) the litigant "filed a written demand for a jury trial within ten days after the last pleading directed to the issue [on which jury trial was requested]";

(2) "[t]he demand for jury trial was filed some eight months prior to the time the trial actually took place"—in other words, granting the request would pose no problem for the court's scheduling and administrative handling of the case;

(3) the litigant's attorney declared that his earlier act of seemingly acquiescing in a bench trial—by signing off on written pre-trial order that provided for a bench trial—had been inadvertent; and

(4) the record demonstrated that the opposing party would suffer no prejudice on account of the late request for a jury trial—that, in fact, the other party "was willing to stipulate to the granting of a jury trial".

*Hollembaek*, 447 P.2d at 69–70.

Although Delinquency Rule 21(a) is modeled on Civil Rule 38, the Delinquency Rules do not contain a provision modeled on Civil Rule 39(b). However, another provision of

the Delinquency Rules—Delinquency Rule 1(f)—allows the superior court to turn to the Civil Rules in situations where the Delinquency Rules do not prescribe a governing procedure:

> (f) **Situations Not Covered by These Rules.** If these rules do not prescribe a specific procedure, the court may proceed in any lawful manner, including application of the Civil or Criminal Rules, applicable statutes, the Alaska and United States Constitutions or the common law. Such a procedure may not be inconsistent with these rules and may not unduly delay or otherwise interfere with the unique character and purpose of delinquency proceedings.

Civil Rule 39(b) is not inconsistent with the time limits and waiver by inaction provisions of Civil Rule 38. In fact, the two rules are sibling provisions. Civil Rule 39(b) is expressly designed to give a judge the discretion to grant a late request for a jury trial even though the parties, by failing to meet the 10–day deadline of Civil Rule 38, have previously waived their right to jury trial.

As explained above, and as shown by the supreme court's decision in *R.L.R.*, Delinquency Rule 21(a) is modeled on Civil Rule 38. Because Civil Rule 39(b) is consistent with Civil Rule 38, we conclude that Civil Rule 39(b) is likewise consistent with Delinquency Rule 21(a).

▮ Accordingly, pursuant to Delinquency Rule 1(f), the children's master and the superior court should have applied Civil Rule 39(b) when assessing whether to grant or deny I. J.'s untimely request for a jury trial.

Although the Alaska Supreme Court has never issued a decision expressly defining the criteria that a court should use when deciding whether to grant a late-filed request for jury trial under Rule 39(b), we believe that Justice Rabinowitz's approach in *Hollembaek* provides a good framework for this analysis.

As explained above, Justice Rabinowitz cited four factors to support his conclusion that the trial court abused its discretion when it denied the late request for a jury trial in *Hollembaek:* (1) the fact that the request, although untimely under Rule 38, was nevertheless reasonably prompt given the litigation history of the case; (2) the fact that the request was made long enough in advance of the trial that granting the request would not pose a problem for the court's scheduling and administrative handling of the case; (3) there was reasonable justification for not holding the litigant to the litigant's earlier acquiescence in a non-jury trial; and (4) the record demonstrated that the opposing party would suffer no prejudice on account of the late request for a jury trial.

Analyzing the facts of I. J.'s case in light of these four criteria, we conclude that I. J.'s request for a jury trial should have been granted. As explained above, I. J.'s original attorney (the Public Defender Agency) was forced to withdraw because of a conflict. The Office of Public Advocacy was appointed on October 12, 2007, but the Office did not learn of its appointment until October 15th and did not begin to receive copies of the State's discovery in the case until two weeks later. Moreover, on November 16, at the Office's first court appearance for I. J., the children's master informed the Office that, although the case was currently scheduled for a bench trial, the Office could file a written request for a jury trial—which the Office did on November 23.

For reasons unrelated to the litigation of this jury trial issue, the court delayed I. J.'s trial until February. Thus, it does not appear that the request was made so close to the time of trial as to cause problems for the court's scheduling and administration of the case.

And finally, as explained above, the State did not oppose I. J.'s request for a jury trial, and the State now expressly declares (in its pleading to this Court) that the granting of the request for a jury trial would not have prejudiced its prosecution of this case.

For these reasons, we conclude that it was an abuse of discretion for the superior court to deny I. J.'s late-filed request for a jury trial. The decision of the superior court is REVERSED.

COATS, Chief Judge, concurring.

Although the majority opinion reaches the correct result in this case—I. J. is entitled to a jury trial—the majority opinion appears to set a very high bar for a juvenile who files an untimely request for a jury trial. I believe that the strict application of Delinquency Rule 21(a) could result in juveniles being deprived of their right to a jury trial. I am quite confident that the Alaska Supreme Court, a court that has been in the forefront of protecting the rights of Alaskans, would not require this result.

In *R.L.R. v. State*,[1] the Alaska Supreme Court held that whenever a child in a delinquency proceeding was charged with acts that would be a crime subject to incarceration if committed by an adult, the juvenile was guaranteed the right to a jury trial by the Alaska Constitution.[2]

I. J. argues that, like an adult, he was entitled to a jury trial unless he knowingly and voluntarily waived that right. But, as the State points out, that is not what the Alaska Supreme Court held in *R.L.R.* In *R.L.R.*, the supreme court held that after first consulting with his counsel and his parents or guardian, the juvenile had to "affirmatively assert the right to a trial by jury."[3] The court found that the children's rules in effect at that time incorporated a civil rule that required a person who wanted to have a jury trial to make the request "not later than 10 days after the service of the last pleading directed to such issue."[4] Currently, Delinquency Rule 21(a) provides that "[t]he juvenile must request a jury trial within 10 days of the arraignment on petition or when entering a deny plea, whichever is later." The trial court relied on this rule in denying I. J.'s request for a jury trial because the request was untimely.

The trial court's ruling is consistent with Delinquency Rule 21(a). Delinquency Rule 21(a) finds support in the *R.L.R.* decision. Still, I. J. has a substantial argument that he should not lose his constitutional right to a jury trial merely because it was untimely.

He argues that Delinquency Rule 21(a) is unconstitutional.

As the State recognizes in its memorandum addressing I. J.'s petition, the real issue in this case is how strictly Delinquency Rule 21(a) should be applied. The State then points out that neither the State nor the trial court appear to have been prejudiced by I. J.'s late demand for a jury trial. The State concludes its memorandum by stating, "[b]ecause of the importance of the right to a jury trial and the apparent absence of prejudice to either the [S]tate or the trial court from I. J.'s late demand, the [S]tate takes no position on his petition for review." The State therefore recognizes the importance of the juvenile's right to a jury trial and advances no argument for a strict construction of Delinquency Rule 21(a).

As I have previously stated, I am confident that the Alaska Supreme Court would be protective of a juvenile's constitutional right to a jury trial. I am therefore confident that the supreme court would liberally construe Delinquency Rule 21(a) to protect that right. Certainly in circumstances such as the case before us where the State and the court are not prejudiced by a request for a jury trial, the supreme court would relax the rule. Given the Alaska Supreme Court's history of protecting Alaskans' constitutional rights and the importance of a juvenile's right to a jury trial, I would predict that the supreme court would allow a trial judge to deny a juvenile's right to a jury trial only for a good and substantial reason.

---

1. 487 P.2d 27 (Alaska 1971).

2. *Id.* at 32–33.

3. *Id.* at 35.

4. *Id.* at 35 & n. 48.